# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODI CRANDELL, JUAN ONTIVEROS and JIM KETTELKAMP, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., and VOLKSWAGEN AKTIENGESELLSCHAFT,<br><br>      Defendants. | Civil Action No.: 18-CV-13377 (CCC) (MF)<br><br>Motion Date: May 6, 2019<br><br>**ELECTRONICALLY FILED**<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Michael B. Gallub, Esq. (Admitted *Pro hac vice*)
Homer B. Ramsey, Esq.
Chase Kurshan Herzfeld & Rubin, LLC
354 Eisenhower Parkway
Suite 1100
Livingston, New Jersey 07039
Tel: (973) 535-8840
Attorneys for Defendants

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT ............................................................... 1

ARGUMENT ........................................................................................... 3

I.    LEGAL STANDARD ............................................................... 3

II.   THE CLAIM FOR BREACH OF EXPRESS WARRANTY MUST BE DISMISSED (COUNT I) ......................................... 5

    A.  NVLW and Powertrain Warranty ...................................... 5

    B.  Vague Puffery Advertising Statements ............................. 9

III.  THE IMPLIED WARRANTY CLAIMS OF ONTIVEROS AND CRANDELL MUST BE DISMISSED (COUNT II) ............................. 11

IV.  PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIMS MUST BE DISMISSED (COUNT III) ................................. 13

V.   PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT FAIL (COUNT IV) ....................................................................... 14

VI.  PLAINTIFFS' CLAIMS FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED (COUNT VI) ............................................... 18

VII.  PLAINTIFFS' COMMON-LAW FRAUD AND STATUTORY CONSUMER FRAUD  CLAIMS SHOULD BE DISMISSED (COUNTS V, VII, VIII, IX) .................................................. 20

    A.  Plaintiffs' Allegations of Misleading Representations Are Deficient as a Matter of Law Because Plaintiffs Have Not Pled Pre-Purchase Exposure to the Purported Misleading Statements ......................................................... 20

B.  All Common Law and Statutory Fraud and Omission-Based
    Consumer Fraud Claims Fail Because Plaintiffs Have Not
    Adequately Pled that Defendants Knew of the Specific
    Alleged Defect at the Time in Which Each Plaintiff Purchased
    or Leased His/Her Vehicle ................................................................22

C.  Plaintiffs' Omission-Based Fraud Claims Also Fail in the
    Absence of a Duty to Disclose ..........................................................27

D.  Plaintiff Ontivero's Claims Fail Because the Alleged Defected
    Has Not Manifested in His Vehicle ...................................................29

E.  Plaintiff Crandell's Claims Fail Because Her Vehicle was
    Repaired at No Cost to Her ...............................................................31

F.  Plaintiff Kettelkamp's Common-Law Fraud Claim is Barred
    by the Economic Loss Rule................................................................34

CONCLUSION ..........................................................................................34

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams v. Nissan N. Am.*,
    2018 U.S. Dist. LEXIS 87552 (S.D. Tex. May 4, 2018)............................*passim*

*Affordable Cmtys. of Mo. v. Fannie Mae*,
    714 F.3d 1069 (8th Cir. 2013) ........................................................................19

*Alin v. Am. Honda Motor Co.*,
    2010 U.S. Dist. LEXIS 32584 (D.N.J. March 31, 2010)...................................16

*Argabright v. Rheem Mfg. Co.*,
    201 F. Supp. 3d 578 (D.N.J. 2016)......................................................................9

*Argabright v. Rheem Mfg. Co.*,
    258 F. Supp. 3d 470 (D.N.J. 2017)..............................................................20, 29

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................3

*Aziz v. Allstate Ins. Co.*,
    2015 U.S. Dist. LEXIS 23864 (E.D. Mo. Feb. 27, 2015) ..................................15

*Bedgood v. Nissan N. Am., Inc.*,
    2016 U.S. Dist. LEXIS 82716 (W.D. Tex. June 24, 2016) ...............................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................3

*Block v. Jaguar Land Rover N. Am., LLC*,
    2016 U.S. Dist. LEXIS 69085 (D.N.J. May 26, 2016).......................................19

*Block v. Jaguar Land Rover N. Am., LLC*,
    2017 U.S. Dist. LEXIS 31807 (D.N.J. Mar. 7, 2017) .......................................24

*Budach v. NIBCO, Inc.*,
    2015 U.S. Dist. LEXIS 150714 (W.D. Mo. Nov. 6, 2015) ...........................4, 22

*Chan v. Daimler*,
    2012 U.S. Dist. LEXIS 161716 (D.N.J. Nov. 9, 2012) ......................................32

*Ciser v. Nestle Water N. Am., Inc.*,
    596 F. App'x 157 (3d Cir. 2015) ........................................................................31

*Coba v. Ford Motor Co.*,
    2013 U.S. Dist. LEXIS 8366 (D.N.J. Jan. 22, 2013) ...........................................29

*Cole v. NIBCO, Inc.*,
    2015 U.S. Dist. LEXIS 65960, at *14 (D.N.J. May 20, 2015) ......................4, 16

*Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings*,
    LLC, 2018 U.S. Dist. LEXIS 92735 (D.N.J. May 31, 2018) ..............................31

*Compaq Computer Corp. v. Lapray*,
    135 S.W.3d 657 (Tex. 2004) ................................................................................10

*Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*,
    2011 U.S. Dist. LEXIS 38656 (M.D. Fla. Apr. 8, 2011) .....................................11

*Connelly v. Lane Constr. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ..................................................................................4

*Cooper v. Samsung Elecs. Am., Inc.*,
    2008 U.S. Dist. LEXIS 75810 (D.N.J. Sept. 30, 2008) ......................................13

*Cooper v. Samsung Elecs. Am., Inc.*,
    374 Fed. Appx. 250 (3d Cir. 2010) .......................................................................4

*Copeland v. US Bank*,
    2018 U.S. Dist. LEXIS 148057 (D.N.J. Aug. 20, 2018) .......................................3

*Cox v. Sears Roebuck & Co.*,
    647 A.2d 454 (N.J. 1994) ....................................................................................22

*Cty. of Essex v. Aetna, Inc.*,
    2018 U.S. Dist. LEXIS 210750 (D.N.J. Dec. 13, 2018) ...............................14, 15

*David v. Volkswagen Grp. of Am., Inc.*,
    2018 U.S. Dist. LEXIS 70284 (D.N.J. Apr. 26, 2018) .......................................7, 8

*Deburro v. Apple*,
    2013 U.S. Dist. LEXIS 156565 (W.D. Tex. Oct. 30, 2013) ..................................8

*Delaney v. Stryker Orthopaedics*,
  2009 U.S. Dist. LEXIS 16865 (D.N.J. Mar. 5, 2009) .......................................11

*Dewey v. Volkswagen AG*,
  558 F. Supp. 2d 505 (D.N.J. 2008)....................................................................22

*DHI Grp., Inc. v. Kent*,
  2017 U.S. Dist. LEXIS 178481 (S.D. Tex. Apr. 21, 2017)................................16

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
  907 S.W.2d 472 (Tex. 1995) ........................................................................4, 22

*Elfaridi v. Mercedes-Benz USA, LLC*,
  2018 U.S. Dist. LEXIS 145196, at *28-30 (E.D. Mo. Aug. 27,
  2018) ..............................................................................................................4, 21

*Everett v. TK-Taito, LLC*,
  178 S.W.3d 844 (Tex. App. 2005)...................................................11, 17, 29, 30

*F.D.I.C. v. Bathgate*,
  27 F.3d 850 (3d Cir. 1994) ...............................................................................21

*Fanty v. Comm. of Pa., Dept. of Welfare*,
  551 F.2d 2 (3d Cir. 1977) ....................................................................................3

*Fid. & Guar. Life Ins. Co. v. Pina*,
  165 S.W.3d 416 (Tex. App. 2005)......................................................................20

*Flynn v. CTB, Inc.*,
  2015 U.S. Dist. LEXIS 129976 (E.D. Mo. Sep. 28, 2015) ...............................34

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ................................................................................4

*Galicki v. New Jersey*,
  2015 U.S. Dist. LEXIS 84365 (D.N.J. June 29, 2015).........................................5

*Galitski v. Samsung Telecomms. Am., LLC*,
  2013 U.S. Dist. LEXIS 171908 (N.D. Tex. Dec. 5, 2013).................................13

*Garcia v. Chrysler Grp. LLC*,
  127 F. Supp. 3d 212 (S.D.N.Y. 2015) ..........................................................8, 28

*Glass v. BMW of N. Am., LLC*,
   2011 U.S. Dist. LEXIS 149199 (D.N.J. Dec. 29, 2011)......................................21

*GMC v. Garza*,
   179 S.W.3d 76 (Tex. App. 2005)........................................................................30

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
   525 F. App'x 94 (3d Cir. 2013) ...............................................................24, 25, 26

*Granillo v. FCA US LLC*,
   2016 U.S. Dist. LEXIS 116573 (D.N.J. Aug. 29, 2016) ...................9, 24, 26, 33

*Greene v. BMW of N. Am.*,
   2012 U.S. Dist. LEXIS 168698 (D.N.J. Nov. 28, 2012) ................................9, 24

*Greene v. BMW of N. Am.*,
   2013 U.S. Dist. LEXIS 132579 (D.N.J. Sep. 16, 2013) ....................................19

*Hope v. Nissan N. Am., Inc.*,
   353 S.W.3d 68 (Mo. App. 2011) .......................................................................11

*Hughes v. Panasonic*,
   2011 U.S. Dist. LEXIS 79504 (D.N.J. July 21, 2011) .................................10, 20

*In re Air Bag Prods. Liab. Litig.*,
   7 F. Supp. 2d 792 (E.D. La. 1998)....................................................................30

*In re Caterpillar, Inc.*,
   2015 U.S. Dist. LEXIS 98784 (D.N.J. July 29, 2015) .................................10, 11

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*,
   2011 U.S. Dist. LEXIS 16504 (D.N.J. Feb. 16, 2011) ......................................15

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*,
   2012 U.S. Dist. LEXIS 13887 (D.N.J. Feb. 6, 2012) ........................................10

*In re GM LLC Ignition Switch Litig.*,
   257 F. Supp. 3d 372 (S.D.N.Y. 2017) ........................................12, 15, 27, 28, 29

*In re K-Dur Antitrust Litig.*,
   338 F. Supp. 2d 517 (D.N.J. 2004)......................................................................5

*In re NAHC, Inc. Sec. Litig.*,
  306 F.3d 1314 (3d Cir. 2002) ...............................................................5

*The Indep. Bankersbank v. Canyon Cmty. Bank*,
  13 F. Supp. 3d 661 (N.D. Tex. 2014) .................................................15

*Jannarone v. Sunpower Corp.*,
  2018 U.S. Dist. LEXIS 191429 (D.N.J. Nov. 7, 2018) ......................19

*Kearney v. BMW AG*,
  2018 U.S. Dist. LEXIS 147746 (D.N.J. Aug. 29, 2018) ......................3

*Loper v. Smith Corona, Inc.*,
  2000 Tex. App. LEXIS 4185 (2000) .....................................................8

*Luongo v. Vill. Supermarket, Inc.*,
  261 F. Supp. 3d 520 (D.N.J. 2017) .....................................................19

*Luppino v. Mercedes-Benz USA, LLC*,
  2013 U.S. Dist. LEXIS 161689 (D.N.J. Nov. 12, 2013) ......................6

*Mack Trucks, Inc. v. Borgwarner Turbo Sys.*,
  508 F. App'x 180 (3d Cir. 2012) ..........................................................6

*Majdipour v. Jaguar Land Rover N. Am., LLC*,
  2015 U.S. Dist. LEXIS 33377 (D.N.J. Mar. 18, 2015) .....................29

*Malleus v. George*,
  641 F.3d 560 (3d Cir. 2011) .................................................................3

*McCall v. Monro Muffler Brake Inc.*,
  2013 U.S. Dist. LEXIS 94581 (E.D. Mo. July 8, 2013)....................20

*McQueen v. BMW of N. Am., LLC*,
  2013 U.S. Dist. LEXIS 123232 (D.N.J. Aug. 29, 2013) ....................25

*Merkin v. Honda N. Am., Inc.*,
  2017 U.S. Dist. LEXIS 187233 (D.N.J. 2017) ................................15, 16, 20, 24

*Mickens v. Ford Co.*,
  2011 U.S. Dist. LEXIS 87422 (D.N.J. Aug. 5, 2011) .........................7

*Mickens v. Ford Motor Co.*,
    2015 U.S. Dist. LEXIS 121029 (D.N.J. Sept. 10, 2015) .....................................33

*Nat'l Amusements, Inc. v. N.J. Turnpike Auth.*,
    261 N.J. Super. 468 (N.J. Super. Ct. 1992) ........................................................15

*Navarro v. George Koch & Sons, Inc.*,
    512 A.2d 507 (N.J. Super. App. Div. 1986) ..........................................................7

*Nelson v. Nissan N. Am. Inc.*,
    2014 U.S. Dist. LEXIS 175224 (D.N.J. Dec. 19, 2014) ........................................6

*Oliver v. Funai Corp.*,
    2015 U.S. Dist. LEXIS 169998 (D.N.J. Dec. 21, 2015) ......................................26

*Orthoflex, Inc. v. Thermotek, Inc.*,
    2013 U.S. Dist. LEXIS 112865, *at 29 (N.D. Tex. Aug. 29, 2013) ....................6

*Reitz v. Nationstar Mortgage, LLC*,
    954 F. Supp. 2d 870 (E.D. Mo. June 27, 2013) ..................................................20

*Scott v. Car City Motor Co.*,
    847 S.W.2d 861 (Mo. App. 1992). ......................................................................22

*Stefl v. Medtronic, Inc.*,
    916 S.W.2d 879 (Mo. App. 1996) .......................................................................11

*Stevenson v. Mazda Motor of Am., Inc.*,
    2015 U.S. Dist. LEXIS 70945 (D.N.J. June 2, 2015) ...................................21, 28

*Sumer v. Carrier Corp.*,
    2015 U.S. Dist. LEXIS 20731 (N.D. Cal. Feb. 20, 2015) ...................................13

*Tatum v. Chrysler Grp. LLC*,
    2011 U.S. Dist. LEXIS 32362, *at 13-15 (D.N.J. Mar. 28, 2011) .....................10

*Tatum v. Chrysler Grp., LLC*,
    2012 U.S. Dist. LEXIS 171746 (D.N.J. Dec. 3, 2012) ..................................13, 14

*Tcp Printing Co., LLC v. Enter. Bank & Trust*,
    2017 U.S. Dist. LEXIS 162267 (E.D. Mo. Sep. 29, 2017) ............................14, 19

*Texas Carpenters Health Ben. Fund v. Philip Morris, Inc.*,
  21 F. Supp. 2d 664 (E.D. Tex. 1998)....................................................................15

*Thiedmann v. Mercedes-Benz, USA, LLC*,
  183 N.J. 234 (2005) ..........................................................................13, 31, 32, 33

*Troup v. Toyota Motor Corp.*,
  545 F. App'x 668 (9th Cir. 2013) .........................................................................7

*UBI Telecom Inc. v. KDDI Am., Inc.*,
  2014 U.S. Dist. LEXIS 88842 (D.N.J. June 30, 2014).........................................4

*Van Duzer v. U.S. Bank N.A.*,
  995 F. Supp. 2d 673 (S.D. Tex. 2014)................................................................22

*Victorian v. Wells Fargo Home Mortg.*,
  2017 U.S. Dist. LEXIS 89616 (E.D. Mo. June 12, 2017) ..................................18

*Wade v. Kessler Inst.*,
  172 N.J. 327, 798 A.2d 1251 (N.J. 2002)..........................................................18

*Weske v. Samsung Elecs. Am., Inc.*,
  2012 U.S. Dist. LEXIS 32289 (D.N.J. Mar. 12, 2012) ......................................12

*Williams v. United Techs. Corp.*,
  2015 U.S. Dist. LEXIS 159814 (W.D. Mo. Nov. 30, 2015) ........................12, 13

*Wright v. Bath & Body Works Direct, Inc.*,
  2012 U.S. Dist. LEXIS 199761 (W.D. Mo. July 10, 2012) ...............................17

**Statutes**

Missouri Merchandising Practices Act ..................................................................2, 4

N.J.S.A. 12A:2-317..................................................................................................12

New Jersey Consumer Fraud Act ..................................................................4, 31, 33

Texas Deceptive Trade Practices Act .................................................2, 4, 29, 30, 31

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................5

Fed. R. Civ. P. 9(b) .............................................................................1, 4, 34

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 34

Defendants Volkswagen Group of America, Inc. ("VWGoA") and

Volkswagen Aktiengesellschaft ("VWAG") (collectively, "Defendants")

respectfully submit this Motion to Dismiss and Memorandum of Law pursuant to

Fed. R. Civ. P. 12(b)(6) and 9(b).  For the reasons demonstrated below, the causes

of action asserted against Defendants fail to state claims upon which relief can be

granted, and should be dismissed.[1]

## PRELIMINARY STATEMENT

Plaintiffs bring this action individually and as would-be representatives of a

putative nationwide class, as well as New Jersey, Texas and Missouri state

subclasses, of owners and lessees of Volkswagen Touareg vehicles manufactured

between December 2014 and November 2017 and sold in the United States.  First

Amended Compl. ("FAC") ¶¶ 1, 9.  Plaintiff Jodi Crandell, a New Jersey resident,

allegedly leased a 2017 Touareg in New Jersey in March 2017.  FAC ¶ 13.

Plaintiff Juan Ontiveros, a Texas resident, allegedly purchased a 2015 Touareg in

Texas in March 2015. FAC ¶ 19.  Plaintiff Jim Kettelkamp, a Missouri resident,

allegedly purchased a 2017 Touareg sometime in 2017.  FAC ¶ 21.  Plaintiffs

allege that all of the putative "[c]lass vehicles are equipped with drain valves that

do not allow water to drain properly from the engine compartment" which, they

claim, could result in engine failure.  FAC ¶ 2.

---

[1] Defendants move to dismiss all claims in the FAC except for the implied
warranty of merchantability claim of Plaintiff Kettelkamp.

Plaintiffs do not claim to have experienced any accidents involving their vehicles, nor do they allege any personal injuries.  Plaintiff Ontiveros does not even claim to have experienced any problem with his vehicle's drain valve during the four years he has owned his vehicle, and Plaintiff Crandell's alleged problem was repaired, free of charge, before this action was commenced.  FAC ¶¶ 17, 20. Moreover, Plaintiffs plead no facts, as opposed to vague conclusory allegations and supposition, establishing that any of their vehicles, let alone all putative class vehicles, suffer from a common systemic design defect in the drain valve and/or air intake system.  This notwithstanding, Plaintiffs seek economic damages under claims sounding in breach of express warranty (Count I), breach of implied warranty of merchantability (Count II), violation of the Magnuson-Moss Warranty Act (Count III), unjust enrichment (Count IV),  common–law fraud (Count V), breach of the implied covenant of good faith and fair dealing (Count VI), and violations of the New Jersey Consumer Fraud Act, the Texas Deceptive Trade Practices Act, and the Missouri Merchandising Practices Act (Counts VII-IX).

None of the Plaintiffs plead facts that plausibly establish the essential elements of their claims.  The FAC is based primarily on vague, conclusory and speculative assertions that fail to state a claim upon which relief can be granted. For the reasons demonstrated below, all of the Plaintiffs' claims, with the

2

exception of Kettelkamp's implied warranty of merchantability claim, should be dismissed.[2]

## ARGUMENT

## I.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). A claim will have "facial plausibility" only when the plaintiff pleads facts, not conclusory allegations, which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In other words, the factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The "formulaic recitation of the elements of a cause of action," without supporting facts, does not suffice. *Copeland v. US Bank*, 2018 U.S. Dist. LEXIS 148057, at *5-6 (D.N.J. Aug. 20, 2018); *see Kearney v. BMW AG*, 2018 U.S. Dist. LEXIS 147746, at *10 (D.N.J. Aug. 29, 2018). Moreover, where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of

---

[2] Plaintiffs' putative class claims have no bearing on this motion to dismiss. In the absence of valid claims of their own, Plaintiffs cannot represent a class. *See, Fanty v. Comm. of Pa., Dept. of Welfare,* 551 F.2d 2, 6-7 (3d Cir. 1977).

the line between possibility and plausibility of entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

Further, fraud-based claims, including claims under the New Jersey Consumer Fraud Act ("CFA"), Texas Deceptive Trade Practices Act ("DTPA") and Missouri Merchandising Practices Act ("MMPA"), are subject to the heightened pleading specificity requirements of Fed. R. Civ. 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Harbuck v. Ford Motor Co.*, 2018 U.S. Dist. LEXIS 156062, at *7 (N.D. Tex. Sep. 13, 2018); *Budach v. NIBCO, Inc.*, 2015 U.S. Dist. LEXIS 150714, at *13 (W.D. Mo. Nov. 6, 2015).

The FAC's allegations fall far short of these governing standards.[3]

---

[3] Like the FAC, this motion to dismiss applies the law of each Plaintiff's home state - which is also the state in which each Plaintiff purchased or leased his/her vehicle - to the respective Plaintiffs' claims. *See e.g.,* FAC ¶ 149 (NJCFA for Plaintiff Crandell); *id.* ¶ 162 (Texas DTPA for Ontiveros); *id.* ¶ 175 (Missouri statute for Kettelkamp); *id.* ¶ 128 (Texas unjust enrichment and "money had and received" for Ontiveros). Under New Jersey choice of law rules, the law of each Plaintiff's state of residence and purchase/lease applies to his/her claims. *Cooper v. Samsung Elecs. Am., Inc.,* 374 Fed. Appx. 250, 255 (3d Cir. 2010); *Bedi v. BMW of N. Am. LLC,* 2016 U.S. Dist. LEXIS 9365, *13 (D.N.J. Jan. 27, 2016). In any event, based on the FAC, there appears to be no disagreement among the parties in this regard. *Cole v. NIBCO, Inc.,* 2015 U.S. Dist. LEXIS 65960, at *14 (D.N.J. May 20, 2015) (holding that when the parties agree upon which state's law applies to a rule 12 motion, "the court will follow the lead of the parties"); *UBI Telecom Inc. v. KDDI Am., Inc.,* 2014 U.S. Dist. LEXIS 88842, at *26 (D.N.J. June 30, 2014) (same).

## II.   THE CLAIM FOR BREACH OF EXPRESS WARRANTY MUST BE DISMISSED (COUNT I)

Plaintiffs' express warranty claim is premised upon (1) the New Vehicle Limited Warranty ("NVLW") and Powertrain Warranty that accompanied the sale and lease of their vehicles, and (2) alleged vague and generalized statements in Defendants' advertising that amount to nothing more than non-actionable puffery. The FAC fails to establish either basis for an express warranty claim.

### A. NVLW and Powertrain Warranty

At the outset, no express warranty claim lies against VWAG, which did not issue the NVLW or Powertrain Warranty.  Although Plaintiffs improperly lump together VWGoA and VWAG under their own defined term "Defendants," FAC ¶ 1, these are separate and distinct entities that require separate factual allegations. Fed. R. Civ. P. 8; *Galicki v. New Jersey*, 2015 U.S. Dist. LEXIS 84365, *11 (D.N.J. June 29, 2015) (prohibiting lumping together of multiple parties in the same allegations).

The NVLWs and Powertrain Warranties applicable to Plaintiffs' vehicles specifically state that they were issued only by VWGoA.[4]  *See* USA Warranty and

---

[4] Although the NVLW and Powertrain warranty are not attached to the FAC, the Court should consider them in ruling on this motion to dismiss since they are referenced in the FAC and Plaintiffs premise their express warranty claims on these warranties.  *See* FAC ¶ 89; *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1331 (3d Cir. 2002); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 529 (D.N.J. 2004).

Maintenance booklets, Exh. A to Blake Decl. p. 6, 12 ("This New Vehicle Limited Warranty [as well as Powertrain Warranty] is issued by Volkswagen Group of America, Inc."); Exh. B to Blake Decl., p. 2, 5, 12 (stating that the warranties are "issued by Volkswagen," which is defined as "Volkswagen of America, Inc., an operating unit of Volkswagen Group of America, Inc."). Since VWAG did not issue these warranties, Plaintiffs' claims for breach of express warranty must be dismissed as against VWAG. *Luppino v. Mercedes-Benz USA, LLC,* 2013 U.S. Dist. LEXIS 161689, at *18-19 (D.N.J. Nov. 12, 2013) (dismissing warranty claim against Daimler because the warranty was issued by MBUSA, not Daimler).

Further, Plaintiffs fail to state a claim against VWGoA and VWAG because the NVLW and Powertrain Warranty applicable to their vehicles specifically cover only repairs "to correct *a defect in manufacturer's material or workmanship*." Declaration of George Blake ("Blake Dec."), Exh. A-B at 3, 10 (emphasis added). Courts throughout the country, including this District, have recognized that such language in a warranty does not cover purported design defects. *See Mack Trucks, Inc. v. Borgwarner Turbo Sys.*, 508 F. App'x 180, 184 (3d Cir. 2012); *Nelson v. Nissan N. Am. Inc.,* 2014 U.S. Dist. LEXIS 175224, at *6 (D.N.J. Dec. 19, 2014); *Orthoflex, Inc. v. Thermotek, Inc.*, 2013 U.S. Dist. LEXIS 112865, *at 29 (N.D. Tex. Aug. 29, 2013) (holding defendant "correctly argues that it warranted that its products would be free from defects in material and workmanship…[which] does

not cover design defects"); *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 668 (9th Cir. 2013).

The FAC alleges that the same common defect existed in Plaintiffs' and every putative class vehicle. FAC ¶¶ 1, 5, 37, 48. This is a classic claim of design defect, as distinguished from a manufacturing defect that necessarily differentiates one single vehicle from all others of the same model and design. *David v. Volkswagen Grp. of Am., Inc.,* 2018 U.S. Dist. LEXIS 70284, at *11 n.5 (D.N.J. Apr. 26, 2018) ("Where, as here, a party pleads that 'all products of a particular line are defective,' the plaintiff has pled a design defect."); *Mickens v. Ford Co.,* 2011 U.S. Dist. LEXIS 87422, at *9 (D.N.J. Aug. 5, 2011) ("If the particular product used by the plaintiff fails to conform to [the manufacturer's] standards or other units of the same kind, it is [a manufacturing defect]. A design defect on the other hand, cannot be proven by a comparison to the manufacturer's standards; a design defect refers to whether all of the products of a particular line are defective.") (quoting *Navarro v. George Koch & Sons, Inc.*, 512 A.2d 507, 517 (N.J. Super. App. Div. 1986)).

Clearly, the Plaintiffs in this action are alleging a design defect. This is not changed by their use, in one sentence, of the perfunctory buzz-words "defect in materials and workmanship." FAC ¶ 48. Accordingly, Plaintiffs' claims for breach of express warranty, premised on the written NVLW and Powertrain Warranty,

must be dismissed.  *See David,* 2018 U.S. Dist. LEXIS 70284, at \*11 n.5; *Garcia v. Chrysler Grp. LLC,* 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015) (dismissing express warranty claim because "a manufacturing defect claim pled in the alternative to a design defect claim is subject to dismissal at the motion to dismiss stage where the complaint makes only 'offhand references to manufacturing defects' and the purported class includes 'all purchasers or lessees' of the vehicles at issue.").

Plaintiff Ontiveros' breach of express warranty claim also fails because he does not claim to have ever experienced a problem with his vehicle's drain valve. He does not allege that his vehicle experienced any manifestation of the alleged defect.  Texas law is clear that in order to state a claim for breach of express warranty, the alleged defect must have *manifested* within the express warranty period.  *Adams v. Nissan N. Am.,* 2018 U.S. Dist. LEXIS 87552, at \*21 (S.D. Tex. May 4, 2018) (dismissing warranty claim because "Plaintiffs have not alleged that the defect manifested during the warranty period"); *Deburro v. Apple,* 2013 U.S. Dist. LEXIS 156565, at \*20 (W.D. Tex. Oct. 30, 2013) (dismissing warranty claims because "Plaintiffs do not complain of any defect or problem" until "nearly four years after their warranties expired"); *Loper v. Smith Corona, Inc.,* 2000 Tex. App. LEXIS 4185, at \*7 (2000).

Plaintiff Crandell also has no claim for breach of express warranty because the FAC admits that her vehicle was repaired free of charge.  FAC ¶ 17; *Argabright v. Rheem Mfg. Co*., 201 F. Supp. 3d 578, 592-93 (D.N.J. 2016) (dismissing express warranty claim because "Plaintiffs received the precise benefit to which they were entitled under the Warranty" and rejecting plaintiff's contention that defendant breached the express warranty "merely because its HVAC units malfunctioned while still under the warranty period").  Crandell cannot circumvent this fact by vague and conclusory allegations that her vehicle's repair was somehow not "reliable." FAC ¶ 17.  Plaintiff has not alleged any facts to indicate that her vehicle was not repaired successfully.  She does not claim to have experienced any further issue with her vehicle's drain valve, or the engine, after having received the free repair six months ago.  FAC ¶ 17-18. As such, Crandell's express warranty claim must be dismissed.[5]

## B. Vague Puffery Advertising Statements

Plaintiffs' second theory of breach of express warranty is premised upon various vague, subjective and generalized statements in Defendants' advertising

---

[5] Crandell's vague and conclusory allegations about the "reliability" of the repair constitute sheer speculation which are not pleaded facts and are not accorded any assumption of truth.  *See Greene v. BMW of N. Am.,* 2012 U.S. Dist. LEXIS 168698, at *19 (D.N.J. Nov. 28, 2012) (holding that allegation regarding manufacturer testing "is little more than ungrounded speculation"); *see also Granillo v. FCA US LLC,* 2016 U.S. Dist. LEXIS 116573, at *32 (D.N.J. Aug. 29, 2016).

campaigns, such as "safe," "built to last," and "reliable."  FAC ¶ 90.  None of these

purported statements make any representation concerning the vehicles' drain valve,

engine or air intake system.  All of them constitute, at most, non-actionable puffery

which cannot, as a matter of law, give rise to an express warranty.  *Tatum v.*

*Chrysler Grp. LLC*, 2011 U.S. Dist. LEXIS 32362, *at 13-15 (D.N.J. Mar. 28,

2011) (advertising that van "is a very safe vehicle," or that it is "reliable" and

"durable"  amounted to non-actionable puffery); *In re Ford Motor Co. E-350 Van*

*Prods. Liab. Litig*., 2012 U.S. Dist. LEXIS 13887, at *46 n. 8 (D.N.J. Feb. 6, 2012)

("salesperson's statement that the van was 'the vehicle that you want to do the job

because it was safe and it would deliver' was puffery"); *Hughes v. Panasonic*,

2011 U.S. Dist. LEXIS 79504, at *35 (D.N.J. July 21, 2011).

In addition, the FAC does not allege that Plaintiffs saw or read such

advertisements, much less relied upon them.  They have, thus, failed to establish an

essential requirement of their claim.  *Compaq Computer Corp. v. Lapray*, 135

S.W.3d 657, 676 (Tex. 2004) (Under Texas law, "reliance is…not only relevant to,

but an element of, plaintiffs' claims of breach of express warranty"); *In re*

*Caterpillar, Inc.,* 2015 U.S. Dist. LEXIS 98784, at *100 (D.N.J. July 29, 2015)

(dismissing express warranty claim premised on marketing statements because

"Plaintiffs have not alleged that any of the Plaintiffs saw or relied upon the alleged

marketing statements"); *Hope v. Nissan N. Am., Inc.,* 353 S.W.3d 68, 86 (Mo. App. 2011).[6]

### III.   THE IMPLIED WARRANTY CLAIMS OF ONTIVEROS AND CRANDELL MUST BE DISMISSED (COUNT II)

As to Plaintiff Ontiveros, under Texas law, a claim for breach of implied warranty of merchantability requires that the alleged defect "must cause the product not to function adequately in the performance of its ordinary function for the plaintiff." *Everett v. TK-Taito, LLC,* 178 S.W.3d 844, 854 (Tex. App. 2005). That is, for an alleged defect to "cause redressable injuries in the breach of the implied warranty of merchantability context, a 'defect' must either have manifested during the product's normal use or such manifestation must be

_____

[6] There is no validity to Plaintiffs' claim that the drain valve was somehow expressly "warranted" to be maintenance-free for the life of a vehicle, simply because it was not specifically mentioned in the vehicles' maintenance schedules. FAC ¶ 96.  Many vehicle components are not specifically part of a maintenance schedule.  However, in no way does that create an express warranty that the part will last the life of the vehicle.  *See In re Caterpillar, Inc.,* 2015 U.S. Dist. LEXIS 98784, at *99-100 (D.N.J. July 29, 2015) (alleged statement did not constitute express warranty because it was "insufficiently specific" and an express warranty requires a specific "affirmation of fact or promise"); *Delaney v. Stryker Orthopaedics*, 2009 U.S. Dist. LEXIS 16865, at *13 (D.N.J. Mar. 5, 2009); *Bedgood v. Nissan N. Am., Inc.,* 2016 U.S. Dist. LEXIS 82716, at *5 (W.D. Tex. June 24, 2016) (express warranty requires "an express affirmation of fact or promise relating to the goods"); *Stefl v. Medtronic, Inc*., 916 S.W.2d 879, 882-83 (Mo. App. 1996); *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 U.S. Dist. LEXIS 38656, at *14 (M.D. Fla. Apr. 8, 2011) (rejecting argument that manufacturer's inspection and maintenance recommendations for *some* aircraft components provide a specific warranty as to the useful life of the aircraft or other components).

inevitable when the defective feature of the product is used." *Id.* at 855; *see In re GM LLC Ignition Switch Litig.,* 257 F. Supp. 3d 372, 452 n.28 (S.D.N.Y. 2017) (holding that under Texas law, "implied warranty claims are also foreclosed absent a manifest defect"); *Adams v. Nissan N. Am.,* 2018 U.S. Dist. LEXIS 87552, at *21 (S.D. Tex. May 4, 2018).

Despite having driven his vehicle for nearly four years, Ontiveros does not allege that his vehicle ever experienced a problem with the drain valve, much less that it manifested the alleged defect. Accordingly, Ontivero's implied warranty claim must be dismissed.

Plaintiff Crandell's implied warranty claim does not fare any better. First, the NVLW and Powertrain Warranty applicable to her vehicle provide for certain repairs within the limited warranty period, and Plaintiff admits that her vehicle was repaired during that period, at no expense to her. *See* FAC ¶ 17, 89; Blake Decl. Exh. A, at p. 3, 10. Under the New Jersey Commercial Code, "[w]arranties whether express or implied shall be construed as consistent with each other . . . ." N.J.S.A. 12A:2-317. For this reason, courts have dismissed implied warranty of merchantability claims where, as here, an issue was repaired within the express warranty period. *Williams v. United Techs. Corp.,* 2015 U.S. Dist. LEXIS 159814, at *21 (W.D. Mo. Nov. 30, 2015) (dismissing implied warranty claim because defendant repaired heat pump as provided in the express warranty); *see Weske v.*

*Samsung Elecs. Am., Inc.,* 2012 U.S. Dist. LEXIS 32289, at *20 (D.N.J. Mar. 12, 2012); *Galitski v. Samsung Telecomms. Am., LLC,* 2013 U.S. Dist. LEXIS 171908, at *34 (N.D. Tex. Dec. 5, 2013).

Since Crandell's vehicle was admittedly repaired free of charge within the express warranty period, her claim for breach of the implied warranty of merchantability must be dismissed. *Williams,* 2015 U.S. Dist. LEXIS 159814, at *21; *Sumer v. Carrier Corp.,* 2015 U.S. Dist. LEXIS 20731, at *3 (N.D. Cal. Feb. 20, 2015).[7]

## IV. PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIMS MUST BE DISMISSED (COUNT III)

Plaintiffs' Magnuson-Moss Warranty Act (MMWA) claim is premised upon theories of breach of express warranty and breach of implied warranty of merchantability. A MMWA claim is derived entirely from state warranty law. *Tatum v. Chrysler Grp., LLC,* 2012 U.S. Dist. LEXIS 171746, *24 (D.N.J. Dec. 3, 2012); *Cooper v. Samsung Elecs. Am., Inc.*, 2008 U.S. Dist. LEXIS 75810, at *19 (D.N.J. Sept. 30, 2008).

Here, none of the Plaintiffs have stated a breach of express warranty claim under any state law. Therefore, their derivative MMWA claim premised upon

---

[7] In addition, since her vehicle was repaired, Crandell has suffered no damages on account of any alleged breach of warranty. *See Thiedmann v. Mercedes-Benz, USA, LLC,* 183 N.J. 234, 239, 243 (2005) (noting that court below dismissed plaintiffs' implied warranty claims because they did not suffer any damages where their vehicles were repaired by the manufacturer at no cost to them).

express warranty, must be dismissed. *Tatum,* 2012 U.S. Dist. LEXIS 171746, at *25.

Likewise, Plaintiffs Ontiveros and Crandell have failed to state a claim for breach of implied warranty of merchantability under their respective state laws. As such, their derivative MMWA claim premised upon implied warranty, must be dismissed.

## V.     **PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT FAIL (COUNT IV)**

Plaintiffs' claims for unjust enrichment, including Ontiveros' "alternative" claim for "money had and received," must be dismissed for the following reasons: First, a claim for unjust enrichment is not available where the parties are bound to a valid express contract— in this case, the written NVLW and Powertrain Warranty applicable to their vehicles. *Cty. of Essex v. Aetna, Inc.,* 2018 U.S. Dist. LEXIS 210750, at *22 (D.N.J. Dec. 13, 2018) (holding that an unjust enrichment claim "cannot exist when there is an enforceable agreement between parties"); *Adams v. Nissan N. Am., Inc.,* 2018 U.S. Dist. LEXIS 87552, *24 (S.D. Tex. May 4, 2018) (same; unjust enrichment and money had and received); *Tcp Printing Co., LLC v. Enter. Bank & Trust,* 2017 U.S. Dist. LEXIS 162267, at *23 (E.D. Mo. Sep. 29, 2017) (same).

The fact that Plaintiffs purport to plead their unjust enrichment claim "in the alternative" is of no moment. Plaintiffs do not dispute the validity of the express

written warranties; in fact, they affirmatively assert claims for alleged breach of those warranties.  FAC ¶¶ 127; 51-58, 89-91; *Cty. of Essex*, 2018 U.S. Dist. LEXIS 210750, at *22 (holding that "because neither party disputes the validity of the contracts," plaintiff cannot plead unjust enrichment in the alternative); *The Indep. Bankersbank v. Canyon Cmty. Bank,* 13 F. Supp. 3d 661, 672 (N.D. Tex. 2014) (holding that alternative pleading of equitable claims is unavailable unless one party disputes the *existence* of a governing contract).

     In addition, an unjust enrichment claim cannot lie where, as here, Plaintiffs have failed to demonstrate the absence of any adequate remedy at law.  *Aziz v. Allstate Ins. Co*., 2015 U.S. Dist. LEXIS 23864, at *4 (E.D. Mo. Feb. 27, 2015); *Nat'l Amusements, Inc. v. N.J. Turnpike Auth.,*  261 N.J. Super. 468 (N.J. Super. Ct. 1992); *In re GM LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 455 (S.D.N.Y. 2017) (applying Texas law); *Texas Carpenters Health Ben. Fund v. Philip Morris, Inc.,* 21 F. Supp. 2d 664, 678 (E.D. Tex. 1998).  Since Plaintiffs do not, and cannot, plead that they have no adequate remedy at law, their claim for unjust enrichment must be dismissed.

     Each Plaintiff's unjust enrichment claim fails for additional reasons.  As to Crandell, New Jersey law dictates that there is no claim for unjust enrichment in the absence of a "direct relationship between the parties."  *Merkin v. Honda N. Am., Inc.,* 2017 U.S. Dist. LEXIS 187233, at *17 (D.N.J. 2017); *In re Ford Motor*

15

*Co. E-350 Van Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 16504, at *30-33 (D.N.J. Feb. 16, 2011).  This requirement is satisfied only if plaintiff conferred the alleged unjust benefit *directly* upon the defendant.  *Id.*

For this reason, courts in this District have repeatedly dismissed unjust enrichment claims by a purchaser of an automobile, such as Crandell, against a party that did not sell or lease the vehicle directly to her.  *Merkin,* 2017 U.S. Dist. LEXIS 16504, at *17-18 (dismissing claim because "Plaintiff purchased his vehicle from an authorized Honda retailer, not Honda"); *Bedi v. BMW of N. Am., LLC,* 2016 U.S. Dist. LEXIS 9365, at *15 (D.N.J. Jan. 27, 2016) (dismissing claim for lack of a direct relationship where "Plaintiff purchased his vehicle from an authorized BMW retailer, not BMW itself"); *Alin v. Am. Honda Motor Co.*, 2010 U.S. Dist. LEXIS 32584, at *41 (D.N.J. March 31, 2010) (same—leased vehicle). Since Crandell admittedly leased her vehicle from an independent Audi dealership, FAC ¶ 13, no "direct relationship" between VWGoA or VWAG exists. Accordingly, Crandell's claim for unjust enrichment claim must be dismissed for this reason as well.

Plaintiff Ontiveros has no unjust enrichment claim because Texas law does not recognize that as an independent cause of action.  *DHI Grp., Inc. v. Kent*, 2017 U.S. Dist. LEXIS 178481, *33 (S.D. Tex. Apr. 21, 2017) (dismissing claim because "unjust enrichment is not a separate cause of action under Texas law").

His "alternative" claim for money had and received fails because under Texas law, a plaintiff is required to allege that defendant "received or is holding money that belongs to them." *Adams v. Nissan N. Am., Inc.,* 2018 U.S. Dist. LEXIS 87552, *27 (S.D. Tex. May 4, 2018); *Everett v. TK-Taito, LLC,* 178 S.W.3d 844, 860 (Tex. App. 2005) (holding that a cause of action for money had and received is not based on wrongdoing, but instead is an equitable claim that queries "whether the defendant received money which rightfully belongs to another").

Where plaintiffs did not purchase directly from defendants, courts have dismissed claims for money had and received because such plaintiffs cannot allege "what money went to [defendant] that belongs to them." *Adams,* 2018 U.S. Dist. LEXIS 87552, at *27(dismissing claim for money had and received because "none of the plaintiffs purchased or leased their cars directly from Nissan"). Ontiveros did not purchase his vehicle directly from the Defendants, FAC ¶ 19, requiring dismissal of his claim for money had and received.[8]

Finally, Missouri Plaintiff Kettelkamp's claim, premised upon Defendants' alleged knowledge and failure to disclose, must be dismissed because these allegations amount to mere "passive acquiescence on the part of Defendant[s]," which is inadequate under Missouri law. *Wright v. Bath & Body Works Direct,*

---

[8] In addition, Ontiveros' alleged damages for diminished value and cost of future repairs or replacement, FAC ¶ 27, "do not constitute injuries that are recoverable in an equitable claim for money had and received." *Everett,* 178 S.W. 3d at 860.

*Inc.*, 2012 U.S. Dist. LEXIS 199761, at *11-12 (W.D. Mo. July 10, 2012)

(allegations of defendant's knowledge and concealment "do not amount to more

than passive acquiescence on the part of Defendant" and do not render retention of

payment "inequitable" or "unjust").

Accordingly, all of the Plaintiffs' unjust enrichment claims, and the

alternative "money had and received" claim of Ontiveros, must be dismissed.

## VI.    PLAINTIFFS' CLAIMS FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED (COUNT VI)

Plaintiffs Crandell and Kettelkamp assert a claim for breach of the implied

covenant of good faith and fair dealing,[9] premised upon the following allegation:

"Each contract of sale and lease agreement entered into by Plaintiffs" contains an

implied term requiring adherence "to a duty of good faith and fair dealing."  FAC ¶

144.  This claim requires that the contract or lease be between the parties, not

between Plaintiffs and a third-party.  *Wade v. Kessler Inst.,* 172 N.J. 327, 798 A.2d

1251, 1262 (N.J. 2002); *Victorian v. Wells Fargo Home Mortg.,* 2017 U.S. Dist.

LEXIS 89616, at *22 (E.D. Mo. June 12, 2017).

Plaintiffs admittedly did not purchase or lease their vehicles from

Defendants VWGoA or VWAG.  Therefore, no contract of sale or leasing contract

exists between the parties that could serve as a basis for Plaintiffs' claim.  FAC ¶¶

---

[9] The FAC does not assert this claim on behalf of Plaintiff Ontiveros.  *See* FAC ¶
143.

13, 21; *Greene v. BMW of N. Am.*, 2013 U.S. Dist. LEXIS 132579, at *10 (D.N.J.

Sep. 16, 2013) ("Greene leased his car from Paul Miller BMW…not BMW.

Because BMW is a not party to Greene's lease, Greene…has not stated a claim for

breach of the implied covenant of good faith and fair dealing."); *see also Luongo v.*

*Vill. Supermarket, Inc.,* 261 F. Supp. 3d 520, 532 (D.N.J. 2017) (holding that under

New Jersey law, there can be no breach of an implied covenant of good faith and

fair dealing unless "a contract exists between the parties"); *Tcp Printing Co., LLC*

*v. Enter. Bank & Trust,* 2017 U.S. Dist. LEXIS 162267, at *15-16 (E.D. Mo. Sep.

29, 2017) (same).[10]

The claim for breach of the implied covenant must also be dismissed

because Plaintiffs failed to allege facts establishing that Defendant acted with bad

motive "with the objective of preventing [them] from receiving [the]

reasonably expected fruits under the contract." *Block v. Jaguar Land Rover N.*

*Am., LLC*, 2016 U.S. Dist. LEXIS 69085, at *15-16 (D.N.J. May 26, 2016); *see*

---

[10] Plaintiffs cannot save their claim by the conclusory allegation, elsewhere in the FAC, that they "purchased or leased the Class Vehicles from Defendants by and through Defendants' authorized agents for retail sales." FAC ¶ 103. This conclusory allegation does not come close to pleading facts sufficient to establish a true agency relationship between VWGoA or VWAG and the independent authorized dealerships from which Plaintiffs purchased/leased their vehicles. *See Jannarone v. Sunpower Corp.,* 2018 U.S. Dist. LEXIS 191429, at *7 (D.N.J. Nov. 7, 2018) (at the pleading stage, plaintiff must plead sufficient facts regarding the principal's right of control to establish that an agency relationship exists); *Affordable Cmtys. of Mo. v. Fannie Mae,* 714 F.3d 1069, 1074 (8th Cir. 2013) (Missouri law).

*Merkin v. Honda N. North Am.,* 2017 U.S. Dist. LEXIS 187233, at \*16 (D.N.J. Nov. 9, 2017); *Reitz v. Nationstar Mortgage, LLC,* 954 F. Supp. 2d 870, 892 (E.D. Mo. June 27, 2013).

### VII.   PLAINTIFFS' COMMON-LAW FRAUD AND STATUTORY CONSUMER FRAUD  CLAIMS SHOULD BE DISMISSED (COUNTS V, VII, VIII, IX)

#### A. Plaintiffs' Allegations of Misleading Representations Are Deficient as a Matter of Law Because Plaintiffs Have Not Pled Pre-Purchase Exposure to the Purported Misleading Statements

The FAC fails to cure Plaintiffs' deficient allegations of deceptive statements.  Plaintiffs' sole allegation of misleading representations is premised upon the alleged failure to include the air intake system in the vehicle's maintenance schedule given to purchasers of Touareg vehicles.  FAC ¶ 62.  Under the laws of New Jersey, Texas, and Missouri, allegations of causation or reliance are required to make out a common law or statutory fraud and consumer protection claim premised on misleading or deceptive representations.  *See, e.g.,  Argabright v. Rheem Mfg. Co.,* 258 F. Supp. 3d 470, 492 (D.N.J. 2017); *Hughes v. Panasonic Consumer Elecs. Co*., 2011 U.S. Dist. LEXIS 79504, at \*37 (D.N.J. July 21, 2011); *McCall v. Monro Muffler Brake Inc*., 2013 U.S. Dist. LEXIS 94581, at \*7 (E.D. Mo. July 8, 2013); *Fid. & Guar. Life Ins. Co. v. Pina*, 165 S.W.3d 416, 423 (Tex. App. 2005).

Accordingly, the Plaintiffs were required to plead that they, in fact, viewed the alleged misleading statements in the warranty and maintenance booklet, *when* they did so, and *how* it affected their decision to buy their respective vehicles. *See Stevenson v. Mazda Motor of Am., Inc.,* 2015 U.S. Dist. LEXIS 70945, at *22 (D.N.J. June 2, 2015); *Glass v. BMW of N. Am., LLC,* 2011 U.S. Dist. LEXIS 149199, at *21-22 (D.N.J. Dec. 29, 2011).[11]  The FAC fails to plead such facts. No Plaintiff has claimed to have reviewed any statements in the warranty and maintenance booklet for his/her vehicle at any time, much less prior to the time in which he/she purchased or leased the vehicle.  Plaintiffs have, thus, failed to plead facts establishing the essential requirement of causation or reliance.

The requirement to plead such facts is not satisfied by Plaintiffs' conclusory allegation that Defendants' "representations [in the warranty and maintenance manuals] created a reasonable belief that the useful life expectancy of Class Vehicles without a major engine failure was in excess of 150,000 miles" because the air intake system was not listed as a maintenance component.  FAC ¶ 62.  As was true of their initial Complaint, Plaintiffs' FAC is devoid of any pleaded facts establishing even the existence, let alone the "when" and "how," of any individual

---

[11] *See*, *e.g.*, *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (affirming district court's application of Rule 9(b) to dismiss New Jersey CFA claim); *Harbuck v. Ford Motor Co.*, 2018 U.S. Dist. LEXIS 156062, at *7 (N.D. Tex. Sep. 13, 2018) (Rule 9(b) applies to DTPA claim); *Elfaridi v. Mercedes-Benz USA, LLC*, 2018 U.S. Dist. LEXIS 145196, at *28-30 (E.D. Mo. Aug. 27, 2018) (same; MMPA).

pre-sale exposure to and reliance upon the alleged misleading statements. *See Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526-27 (D.N.J. 2008) ("With regard to the statements…in the 2002 Passat owner's manual, the Dewey Plaintiffs do not allege…at what point—if ever—each Plaintiff was exposed to one or more of the statements.  Without this information, Plaintiffs have not properly pleaded a "causal nexus" with the particularity required by Rule 9(b).").

As such, all of Plaintiffs' common law and statutory fraud claims based on allegedly deceptive representations must be dismissed.

**B.  All Common Law and Omission-Based Statutory Consumer Fraud Claims Fail Because Plaintiffs Have Not Adequately Pled that Defendants Knew of the Specific Alleged Defect at the Time in Which Each Plaintiff Purchased or Leased His/Her Vehicle**

Knowledge of the specific alleged defect at the time of sale or lease is an essential element of all Plaintiffs' common law fraud claims and the omission-based statutory consumer fraud claims of New Jersey, Texas, and Missouri.  *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994); *Van Duzer v. U.S. Bank N.A.,* 995 F. Supp. 2d 673, 693 (S.D. Tex. 2014) (fraud); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479 (Tex. 1995) (DTPA); *Budach v. NIBCO, Inc.,* 2015 U.S. Dist. LEXIS 150714, at *13 (W.D. Mo. Nov. 6, 2015) (MMPA); *Scott v. Car City Motor Co.,* 847 S.W.2d 861, 864 (Mo. App. 1992) (fraud).

Plaintiffs unsuccessfully attempt to plead the critical element of pre-sale knowledge based upon (1) vague, conclusory and nondescript allegations of the existence of purported testing and "aggregate" dealership data, without any pleaded factual support; (2) hearsay customer complaints on a third-party's (NHTSA's) website that were not made to Defendants and post-dated Plaintiffs' acquisitions of their vehicles; (3) hearsay anonymous and undated complaints purportedly posted on third-party online message boards that were, likewise, not made to Defendants and constitute "notice" to no one; and (4) a supposedly related recall of Touareg vehicles sold in China, devoid of any pleaded facts establishing that their drainage systems are the same as those of the Plaintiffs' United States vehicles, and that the conditions resulting in the China recall were the same.  FAC ¶¶ 37-45.  None of these allegations establishes the required element that any Defendant had pre-sale knowledge of the alleged drain valve defect claimed by Plaintiffs.

Pre-sale knowledge is not established by the vague and conclusory allegation that Defendants knew of a drain valve defect from purported "pre-production testing," "warranty data", unidentified "consumer complaints made to" dealerships, or "aggregate service records compiled from those dealers."  *Id.* at ¶ 37.  These are nothing but conclusory buzz-words.  The FAC fails to identify, specify or plead any supporting facts relating to the so-called testing, data and

records. The absence of pleaded facts is fatal to Plaintiffs' claim. *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.,* 525 F. App'x 94, 104 n.16 (3d Cir. 2013); *Block v. Jaguar Land Rover N. Am., LLC,* 2017 U.S. Dist. LEXIS 31807, at *21 n.3 (D.N.J. Mar. 7, 2017) (allegations of pre-sale knowledge based upon "pre-release testing data, early consumer complaints," and "aggregate data" from dealers are purely conclusory); *Granillo v. FCA US LLC,* 2016 U.S. Dist. LEXIS 116573, at *27 (D.N.J. Aug. 29, 2016) (same); *Greene v. BMW of N. Am.,* 2012 U.S. Dist. LEXIS 168698, at *19 (D.N.J. Nov. 28, 2012) (alleged knowledge based upon defendant's "testing" is "little more than ungrounded speculation").

As to the hearsay consumer complaints to NHTSA, the FAC only identifies that of Plaintiff Crandell (posted on July 24, 2018), Plaintiff Kettelkamp (posted on May 23, 2018), and three other anonymous complaints. All of these complaints were posted in the latter half of 2018—*after* all of the Plaintiffs purchased/leased their respective vehicles. FAC ¶¶ 41-43. As such, they cannot constitute pre-sale notice of anything. *Granillo,* 2016 U.S. Dist. LEXIS 116573, at *31 ("consumer complaints posted after the date of sale cannot support an inference of pre-sale knowledge"); *Merkin v. Honda N. Am., Inc.,* 2017 U.S. Dist. LEXIS 187233, at *9 (D.N.J. Nov 13, 2017) (same)*; see Gotthelf v. Toyota Motor Sales, USA, Inc.*, 525 F. App'x 94, 104 (3d Cir. 2013). Such complaints, therefore, do not constitute pre-sale or lease "notice" of anything.

Significantly, none of these complaints were made to Defendants. Moreover, even if they had been, 3 or 5 purported complaints, out of what Plaintiffs plead to be "many thousands of Class Vehicles" (FAC ¶¶ 34, 78), would fall exponentially short of that which would be required to establish a defendant's knowledge of a specific alleged defect. *See McQueen v. BMW of N. Am., LLC*, 2013 U.S. Dist. LEXIS 123232, at *18-20 (D.N.J. Aug. 29, 2013) (finding that 32 complaints out of a total pool of approximately 122,000 vehicles—amounting to 0.026%—is "such a low rate of reports [that it cannot] constitute a plausible allegation that BMW must have known of the alleged defect"); *see also Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 97 (3d Cir. 2013) (knowledge of the defect was not sufficiently pled despite more than 2,200 complaints sent to NHTSA or defendant and 27,600 warranty claims made to defendant).

Nor can Plaintiffs establish pre-sale knowledge by copying and pasting into the FAC anonymous, undated entries supposedly appearing on purported third-party "Internet forums for the Touareg," such as "ClubTouareg.com."  These anonymous internet postings do not constitute "notice" to any Defendant.  Indeed, the FAC fails to plead that such third-party "internet forum" has any affiliation or association whatsoever with Defendants herein.  FAC ¶¶ 44-45.  Courts have dismissed far more extensively pled claims due to the recognized absence of "any case law from the Third Circuit or elsewhere suggesting that a plaintiff can plead

knowledge of a defect based upon anonymous internet postings." *Oliver v. Funai Corp.*, 2015 U.S. Dist. LEXIS 169998, at *12 (D.N.J. Dec. 21, 2015); *see Gotthelf*, 525 Fed. App'x at 104; *Granillo,* 2016 U.S. Dist. LEXIS 116573, at *29.

Likewise, Plaintiffs' conclusory allegations regarding the "China Recall" are insufficient to plausibly plead that either Defendant had pre-sale knowledge of the specific drain valve defect alleged by Plaintiffs.  First, according to the FAC, the Chinese recall was announced in March of 2018 and initiated on April 30, 2018. FAC ¶ 38.  This means that the foreign recall was both announced and initiated months or years *after* Plaintiffs purchased/leased their respective vehicles, and therefore cannot establish pre-sale knowledge.  FAC ¶¶ 13, 19, 21; *Granillo,* 2016 U.S. Dist. LEXIS 116573, at *31.

Moreover, the vehicles at issue in this action are United States vehicles, not Chinese vehicles.[12]  The FAC pleads no facts establishing any relationship between the drainage systems in the vehicles that were subject to the China recall and those of the Plaintiffs' vehicles that were sold in the United States.  There are no pleaded facts establishing that the China vehicles have the exact same design, vis-à-vis the drainage and air intake systems, as Plaintiffs' United States vehicles.  Nor are there pleaded facts establishing that the conditions that may have given rise to the China recall exist in the United States, or that such conditions are the same or similar to

---

[12] VWGoA does not import or distribute vehicles in China.

those alleged by Plaintiffs here.  Indeed, the minuscule number of purported

consumer complaints alleged in the FAC, do not come close to being indicative of

an alleged common systemic design such as that which is alleged by Plaintiffs in

this action.

 In the absence of any such pleaded facts, the FAC fails to plead a plausible

basis for imputing any knowledge, let alone "pre-sale" knowledge, of Plaintiffs'

alleged defect based upon the mere existence of a recall in China, involving only

vehicles sold or leased in China.

 Because none of Plaintiffs' allegations establish the essential requirement

that each Defendant had pre-sale knowledge of Plaintiffs' alleged drain valve

defect, the FAC fails to state a claim for common-law fraud and statutory

consumer fraud.  Those claims must therefore be dismissed.

## C. Plaintiffs' Omission-Based Fraud Claims Also Fail in the Absence of a Duty to Disclose

 Plaintiffs' Crandell and Ontiveros' common-law fraud claims fail for

another reason: the absence of a duty to disclose.  Under Texas law, a duty to

disclose arises only in the "limited circumstances where there is a fiduciary or

confidential relationship" between the parties.  *Adams v. Nissan N. Am., Inc.,* 2018

U.S. Dist. LEXIS 87552, at *13-14 (S.D. Tex. May 4, 2018); *In re GM LLC*

*Ignition Switch Litig.,* 257 F. Supp. 3d 372, 453-54 (S.D.N.Y. 2017) (Texas law).

However, no such relationship exists "in an arms-length transaction between a

manufacturer and consumer, particularly where Plaintiffs did not purchase or lease their vehicles directly from the manufacturer." *Adams,* 2018 U.S. Dist. LEXIS 87552, at *13-14; *see In re GM LLC Ignition Switch Litig.,* 257 F. Supp. 3d at 454 (holding that Texas law requires—at a minimum—proof of a direct "transaction between the parties" before a duty to disclose will arise).

Since Ontiveros did not purchase his vehicle directly from Defendants, he has failed to establish a duty to disclose, and his common-law fraud claim must fail. *In re GM LLC Ignition Switch Litig.,* 257 F. Supp. 3d at 454 (dismissing Texas fraudulent concealment claim because plaintiffs did not purchase their vehicles directly from GM); *Garcia v. Chrysler Grp. LLC,* 127 F. Supp. 3d 212, 235 (S.D.N.Y. 2015) (same—dismissing Texas fraudulent concealment claim).

In addition, there is no fiduciary or confidential relationship between Plaintiff and any Defendant that could give rise to a duty to disclose in any event.

As to Plaintiff Crandell, New Jersey courts likewise do not imply a duty to disclose unless the parties share a special relationship or the defendant made a misleading partial disclosure. *Stevenson,* 2015 U.S. Dist. LEXIS 70945, at *25 (D.N.J. June 2, 2015). The "special" types of relationships that will give rise to a duty to disclose are fiduciary relationships or a relationship "where one party expressly reposits trust in another party." *Id.*

28

No such facts have been pled here.  The FAC fails to plead facts establishing the existence of any special or fiduciary relationship between Crandell and the Defendants.  They FAC likewise fails to plead any specific affirmative misrepresentation, let alone a misleading partial disclosure concerning her vehicle's drain valve, that Crandell claims to have relied upon in purchasing her vehicle.  *Coba v. Ford Motor Co*., 2013 U.S. Dist. LEXIS 8366, at \*37 (D.N.J. Jan. 22, 2013) ("New Jersey Courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose on the manufacturers."); *Majdipour v. Jaguar Land Rover N. Am., LLC*, 2015 U.S. Dist. LEXIS 33377, at \* 22 (D.N.J. Mar. 18, 2015) (same); *Argabright v. Rheem Mfg. Co*., 258 F. Supp. 3d 470, 490 (D.N.J. June 23, 2017).

### D. Plaintiff Ontivero's Claims Fail Because the Alleged Defected Has Not Manifested in His Vehicle

Plaintiff Ontivero's claims under the Texas DTPA and for common-law fraud fail because Plaintiff does not allege a manifestation of the purported defect. Under Texas law, a plaintiff cannot recover damages for an alleged defect that did not manifest in his/her product.  *See, e.g., Everett v. TK-Taito, L.L.C.,* 178 S.W.3d 844 (Tex. App. 2005).  "[T]he great weight of Texas authority suggests that manifestation is necessary, at least in the context of frequently used products like cars, for a plaintiff to bring an action for solely economic loss."  *In re GM LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 451 (S.D.N.Y. 2017).

29

In *Everett, supra*, plaintiffs alleged that the seat belt buckles in various putative class vehicle models were defective. They sought to recover economic damages, such as "benefit of the bargain" and "cost of replacement," notwithstanding the fact that the alleged defect never manifested in their vehicles. In dismissing Plaintiff's DTPA claim, the court held that "potential loss-of-benefit-of-the-bargain injuries and potential cost-of-repair or replacement injuries from a defect that has not manifested itself simply become too remote in time to constitute an 'injury' for statutory standing purposes under the DTPA." *Id.* at 858. The court stated that in the absence of a manifestation of the alleged defect in the belt buckle (a malfunction or failure), plaintiffs "have not pleaded facts that would satisfy the language of the statute requiring an allegation of an economic injury," and therefore lack "statutory standing to assert a DTPA claim." *Id.* at 859. Similarly, the court found that any claim for common-law fraud was deficient because the "unmanifested product defect [plaintiffs] have pleaded is not redressable via a fraud claim." *Id.* at 857 n.11; *see In re Air Bag Prods. Liab. Litig.*, 7 F. Supp. 2d 792, 806 (E.D. La. 1998) (holding that under Texas law, "plaintiffs' failure to demonstrate or, even allege, manifest injury or defect shatters an essential element of all their tort" claims).[13]

---

[13] *See also, e.g., GMC v. Garza,* 179 S.W.3d 76, 83 (Tex. App. 2005) (reversing certification of implied warranty and DTPA claims for lack of predominance because "for purchasers who never experienced [the brake defect] during the time

Here, Plaintiff Ontiveros merely alleges that his vehicle contains a "latent" drain valve defect.  FAC ¶ 20.  He does not claim to have ever experienced an issue with his vehicle's drain valve, and does not claim that the defect alleged in this action has ever manifested in his vehicle.  Accordingly, his claims for common-law fraud and for violation of the DTPA must be dismissed.

### E. Plaintiff Crandell's Claims Fail Because Her Vehicle was Repaired at No Cost to Her

Plaintiff Crandell, whose vehicle was repaired at no charge to her, did not suffer actual damages or an ascertainable loss, which is necessary to bring suit under the New Jersey CFA ("CFA") and for common-law fraud.  *See Ciser v. Nestle Water N. Am., Inc.,* 596 F. App'x 157, 160 (3d Cir. 2015); *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings*, LLC, 2018 U.S. Dist. LEXIS 92735, at *14 (D.N.J. May 31, 2018).

*In Thiedmann v. Mercedez-Benz, USA, LLC,* 183 N.J. 234 (2005), the New Jersey Supreme Court held that plaintiffs, whose allegedly defective fuel gauges have been repaired at no cost to them, could not demonstrate the requisite ascertainable loss.  The court stated that "[t]he mere fact that an automobile defect arises does not establish, in and of itself, an actual and ascertainable loss to the vehicle purchaser."  *Id.* at 251.  The CFA's ascertainable loss requirement, the

---

they owned the car, they got what they paid for—a vehicle that provided transportation with a brake system that safely stopped the car").

Court explained, "operates as an integral check upon the balance struck between the consuming public and sellers of goods," which is critical to maintain. *Id.* Thus, because "[d]efects can, and do, arise with complex instrumentalities such as automobiles," an automobile defect that arises but is repaired by defendant at no cost to the consumer, cannot provide the predicate ascertainable loss, "bringing with it the potential for treble damages, attorney's fees, and court costs and fees." *Id.*

Furthermore, the New Jersey Supreme Court rejected, as too speculative, plaintiffs' argument "that the mere possibility" that the "defect may be present in replacement parts used in the repair of plaintiffs' vehicles" was sufficient to show that plaintiff suffered a quantifiable or measurable loss. *Id.* at 241, 250.

Here, the FAC admits that Crandell's vehicle was repaired as a matter of "goodwill," at no expense to her. Crandell does not claim to have experienced any problem with her vehicle since that repair was performed over six months ago, and does not otherwise allege any out-of-pockets costs in connection with the alleged defect. As such, she fails to plead facts showing that she suffered actual damages or an ascertainable loss under New Jersey law. *Thiedmann, supra*; *see also Chan v. Daimler,* 2012 U.S. Dist. LEXIS 161716, at *23 (D.N.J. Nov. 9, 2012) (plaintiff suffered no damage because his car was repaired at no cost to him "and he has not alleged any current problems with his vehicle").

The absence of an ascertainable loss is not circumvented by Crandell's conclusory allegation that her vehicle's repair was not "reliable."  FAC ¶ 17.  As discussed *supra,* Plaintiff alleges no problem with her vehicle after the repair was performed, and her subjective conclusory opinion that the repair was unreliable has no basis in pleaded fact.  *See, e.g., Granillo v. FCA US LLC,* 2016 U.S. Dist. LEXIS 116573, at *32 (D.N.J. Aug. 29, 2016) ("Plaintiffs provide no allegations to support their bald assertion that Defendant's software updates were ineffective"); *see also Mickens v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 121029, at *36-37 (D.N.J. Sept. 10, 2015) ("…A plaintiff-consumer's belief that a warranty repair would be insufficient does not entitle him to rewrite the warranty or engage in preemptive self-help at the manufacturer's expense…").

Finally, because Crandell merely leased and does not own the vehicle, she cannot premise her claim for alleged diminished value based on a possible loss in future resale value.  *Thiedmann,* 183 N.J. at 253 (holding that lessee cannot show damages based on loss in future resale value due to "potentially defective replacement parts" because "the party who receives back the leased vehicle is the one that arguably receives a vehicle having some diminution in future value").

For these reasons, Plaintiff Crandell's claims under the New Jersey CFA and for common-law fraud must be dismissed.

**F. Plaintiff Kettelkamp's Common-Law Fraud Claim is Barred by the Economic Loss Rule**

Under Missouri law, claims for common-law fraud asserting only economic harm are barred by the economic loss rule. *Flynn v. CTB, Inc.,* 2015 U.S. Dist. LEXIS 129976, at *31 (E.D. Mo. Sep. 28, 2015) (dismissing Missouri fraud claim and stating that where the fraud "concerns the quality, character, or safety of the goods sold, the economic loss doctrine bars the fraud claim because it is substantially redundant with warranty claims").

Since Plaintiff Kettelkamp seeks pure economic damages premised upon an alleged vehicle defect, the economic loss rule bars his fraud claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' FAC, with the exception of Kettelkamp's breach of implied warranty of merchantability claim, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), together with such other relief as the Court deems just and proper.

Dated:  February 19, 2019

Respectfully submitted,

CHASE KURSHAN HERZFELD
& RUBIN, LLC
By: /s/ *Homer B. Ramsey*_____
Homer B. Ramsey, Esq.
hramsey@herzfeld-rubin.com
Michael B. Gallub, Esq. (Admitted
*Pro hac vice*)
mgallub@herzfeld-rubin.com
354 Eisenhower Parkway, Ste. 1100
Livingston, New Jersey 07039
Telephone: (973) 535-8840
Attorneys for Defendants,
*Volkswagen Group of America, Inc.*
& *Volkswagen AG*