**EXHIBIT 1**

## SETTLEMENT AGREEMENT

Plaintiffs Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield and  Jose Suarez ("Plaintiffs")[1] and Defendants Volkswagen Group of America, Inc. and Volkswagen Aktiengesellschaft ("Defendants"), (collectively, the "Parties"), by and through their counsel, enter into this Settlement Agreement ("Settlement Agreement" or "Agreement"), providing for a class settlement of all claims that were and could have been asserted in the Action described below, pursuant to the terms and conditions set forth below, and subject to the approval of the Court in the Action (the "Settlement").

## RECITALS

WHEREAS, Plaintiffs filed a putative class action against Defendants on August 29, 2018 entitled *Jodi Crandell and Juan Ontiveros, on behalf of themselves and all others similarly situated v. Volkswagen Group of America, Inc. and Volkswagen Aktiengesellschaft,* Civil Action No. 2:18-cv-13377, in the United States District Court for the District of New Jersey (the "Action"), asserting claims concerning certain drain valves in the engine air intake systems of Volkswagen Touareg vehicles manufactured between December 2014 and November 2017;

WHEREAS, a First Amended Class Action Complaint was filed in the Action on December 31, 2018, adding Jim Kettelkamp as a named Plaintiff;

WHEREAS, Defendants filed a Motion to Dismiss the First Amended Complaint on April 15, 2019 which was fully briefed, and remains *sub judice*;

WHEREAS, Defendants deny Plaintiffs' allegations and claims in the Action, and maintain, *inter alia*, that no applicable warranties were breached, no applicable statutes, laws, rules or regulations were violated, and that no wrongdoing occurred with respect to the design,

---

[1] Abraham Litchfield and Jose Suarez shall be added as Plaintiffs in a Second Amended Complaint to be filed.

1

manufacture, testing, inspection, distribution, marketing, advertising, warranting, sale and servicing of the Plaintiffs' and putative class vehicles;

WHEREAS, the Parties, following certain pretrial proceedings, discovery, investigation and careful analysis of their respective claims and defenses, and with full understanding of the risks, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could have been brought in the Action by or on behalf of Plaintiffs and members of the Settlement Class, based upon the terms set forth in this Settlement Agreement;

WHEREAS, Plaintiffs will be filing a Second Amended Complaint joining Abraham Litchfield and Jose Suarez as additional Plaintiffs;

WHEREAS, the Parties agree that neither this Settlement Agreement, the underlying Settlement, nor anything else, shall constitute or, in any way, be construed as any admission of liability or wrongdoing on the part of Defendants or any Released Party, which is expressly denied, or that the Plaintiffs' claims or similar claims would be suitable for class treatment if the Action proceeded through litigation and trial; and

WHEREAS, this Settlement Agreement is the result of vigorous arm's length negotiations between the Parties of highly disputed claims, including negotiations with the assistance of a skilled and experienced neutral Mediator, and the Parties maintain that the Settlement is fair, reasonable and adequate, and satisfies the requirements for a class settlement under Fed. R. Civ. P. 23;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I.    DEFINITIONS

### A.    "Action" or "Lawsuit"

"Action" or "Lawsuit" means Civil Action No. 2:18-cv-13377, entitled *Jodi Crandell et al., on behalf of themselves and all others similarly situated, v. Volkswagen Group of America, Inc. and Volkswagen Aktiengesellschaft,* pending in the United States District Court for the District of New Jersey.

### B.    "Claim Administrator"

The "Claim Administrator" will be Angeion Group.

### C.    "Claim" or "Claim for Reimbursement"

"Claim" or "Claim for Reimbursement" means the timely and proper submission of the required fully completed and signed Claim Form, together with the required Proof of Repair Expense documents (as defined in Section I(N) of this Settlement Agreement), by which a Settlement Class Member seeks to claim reimbursement, pursuant to the terms of this Settlement Agreement, for paid and unreimbursed out-of-pocket expenses for a Covered Repair (as defined in Section I(G) of this Settlement Agreement) that was performed on a Settlement Class Vehicle prior to the Notice Date.

### D.    "Claim Form"

"Claim Form" means the form that must be fully completed, executed under penalty of perjury and timely submitted to the Claim Administrator in order to make a Claim for Reimbursement under the terms of this Settlement Agreement, which Claim Form shall be substantially in the form attached hereto as Exhibit A.

### E.    "Class Counsel" or "Plaintiffs' Counsel"

"Class Counsel" or "Plaintiffs' Counsel" means Frederick J. Klorczyk III, Esq. and Joel D. Smith, Esq. of Bursor & Fisher, P.A.

**F.**    **"Class Notice Plan"**

"Class Notice Plan" means the plan for disseminating notice of the Settlement to the Settlement Class ("Class Notice") as set forth in Section IV(B) of this Settlement Agreement and includes any further notice provisions agreed upon by the Parties.

**G.**    **"Covered Repair"**

"Covered Repair" means one (1) repair (parts and labor) of a Settlement Class Vehicle, performed prior to the Notice Date, of a diagnosed condition of water ingress damage to the air intake system, air filter, engine, turbocharger or intercooler that was caused by a clogged Drain Valve.

**H.**    **"Court"**

"Court" means the United States District Court for the District of New Jersey.

**I.**    **"Defense Counsel"**

"Defense Counsel" means Michael B. Gallub, Esq. and Homer B. Ramsey, Esq. of Herzfeld & Rubin, P.C.

**J.**    **"Drain Valve"**

"Drain Valve" means the drain valve in the engine air intake hose of the Settlement Class Vehicles.

**K.**    **"Effective Date"**

"Effective Date" means the later of (1) five business days after the period of time for an appeal from the Final Order and Judgment approving this Settlement Agreement, substantially in a form to be agreed upon by counsel for the Parties, has elapsed without any appeals having been filed; or (2) the first business day after the date on which all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees,

4

costs/expenses or service awards/payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

**L.    "Final Order and Judgment"**

"Final Order and Judgment" means the Final Order and Judgment approving this Settlement Agreement and dismissing the Action with prejudice as to Defendants, substantially in the form agreed by the Parties.

**M.    "Notice Date"**

"Notice Date" means the date by which notice of this Settlement is to be mailed to the Settlement Class. The Notice Date shall be within one hundred (100) days after the Court enters a Preliminary Approval Order, substantially in the form attached hereto as Exhibit B.

**N.    "Proof of Repair Expense"**

"Proof of Repair Expense" means the documents required to be submitted in support of a Settlement Class Member's Claim for Reimbursement of paid out-of-pocket expenses incurred for a Covered Repair (parts and labor) of a Settlement Class Vehicle. Such Proof of Repair Expense shall take the form of an original or legible copy of a repair invoice, receipt or similar records containing the Settlement Class Member's name; the make, model and vehicle identification number (VIN) of the Settlement Class Vehicle; the name and address of the authorized Volkswagen dealer or other service center/facility that performed the repair; the date of the repair; the mileage of the Settlement Class Vehicle at the time of the repair; a description of the repair work performed (parts and labor), including the parts repaired or replaced; a description of the repair work (parts and labor) performed that establishes that it was a Covered Repair; the cost of the repair (parts and labor); and proof of the Settlement Class Member's payment for the Covered Repair and the amount of that payment.

O.      **"Released Claims" or "Settled Claims"**

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which in any way relate to the Drain Valves and/or water ingress into and/or through the air intake system in Settlement Class Vehicles, including but not limited to all matters that were or could have been asserted in the Action, and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, arising under any state, federal or local statute, law, rule and/or regulation, under any federal, state or local consumer protection, consumer fraud, unfair business practices or deceptive trade practices statutes or laws, under common law, and under any legal or equitable theories whatsoever including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express and/or implied warranty, Magnuson-Moss Warranty Act, New Jersey Consumer Fraud Act, Texas Deceptive Trade Practices Consumer Protection Act, Missouri Merchandising Practices Act, New York General Business Law §§ 349, 350 *et seq.*, Washington Consumer Protection Act, Uniform Commercial Code, and any federal, state or local derivations thereof, any state Lemon Laws, secret warranty and/or any other theory of liability and/or recovery, whether in law or in equity, and for any and all injuries, losses, damages, remedies, recoveries or entitlements of any kind, nature and description, in law or in equity, under statutory and/or common law, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory

6

penalties or rights, restitution, unjust enrichment, and any other legal or equitable relief. This Settlement Agreement expressly exempts claims for personal injuries and property damage (other than damage to the Settlement Class Vehicle).

### P.    "Released Parties"

"Released Parties" means Volkswagen Group of America, Inc., Volkswagen AG, Audi AG, Audi of America, Inc., Volkswagen Credit, Inc., Audi of America, LLC, Volkswagen de México S.A. de C.V., Volkswagen Group of America Chattanooga Operations LLC, all designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of the Settlement Class Vehicles and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees and representatives.

### Q.    "Settlement Class Vehicle" or "Class Vehicle"

"Settlement Class Vehicle" or "Class Vehicle" means any model year 2015, 2016 and 2017 Volkswagen Touareg vehicle that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.

### R.    "Settlement Class" or "Settlement Class Members"

"Settlement Class" or "Settlement Class Members" means all persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I(Q) of this Settlement Agreement, in the United States and Puerto Rico.

Excluded from the Settlement Class are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

## II.    SETTLEMENT CONSIDERATION

In consideration for the full and complete release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendants agree to provide the following consideration to the Settlement Class:

**A.    Service Action that Removes the Drain Valves from Settlement Class Vehicles.**

On or about the Notice Date, Volkswagen Group of America, Inc. shall issue a Service Action in the United States that will enable current owners and lessees of Settlement Class Vehicles to have the Drain Valve removed from their Settlement Class Vehicles free of charge by an authorized Volkswagen dealer. In connection with this Service Action, a new air filter will be installed in a Settlement Class Vehicle, free of charge, if replacement of the air filter is deemed necessary upon inspection because it is wet, saturated, or there are other signs of water damage to the air filter. The Service Action shall be available to Settlement Class Members for a period of

8

twelve (12) months from the later of the Notice Date, or, if the Service Action is not issued until after the Notice Date, then twelve (12) months from the date that the Service Action is issued in the United States.

**B.      Reimbursement for Certain Past Unreimbursed Out-of-Pocket Expenses Paid for a Covered Repair Prior to the Notice Date.**

Subject to the limitations set forth in Section II(C) below, if, prior to the Notice Date, a Settlement Class Member incurred and paid out-of-pocket expenses for a Covered Repair of a Settlement Class Vehicle and timely submits a valid, complete and signed Claim Form, together with the required Proof of Repair Expense pursuant to the terms of this Settlement Agreement, the Settlement Class Member shall be entitled to receive seventy-five percent (75%) reimbursement of said paid and unreimbursed out-of-pocket expenses (parts and labor) for the Covered Repair, limited to one (1) repair per Settlement Class Vehicle, as follows:

(1)      If the Covered Repair was performed by an authorized Volkswagen dealer, the Settlement Class Member shall be entitled to receive reimbursement of seventy-five percent (75%) of the paid invoice cost (parts and labor) of one (1) Covered Repair.

(2)      If the Covered Repair was performed by a service center or facility that is not an authorized Volkswagen dealer, the Settlement Class Member shall be entitled to receive reimbursement of seventy-five percent (75%) of the paid repair invoice cost (parts and labor) of one (1) Covered Repair, subject to a $9,909.00 maximum invoice cost amount of the Covered Repair. Thus, for example, if the amount of the paid repair invoice cost of a Covered Repair is less than $9,909.00, the Settlement Class member shall be entitled to receive a reimbursement of seventy-five percent (75%) of that amount.  If, however, the amount of the paid repair invoice cost of a Covered Repair is equal to or exceeds $9,909.00, then the Settlement Class Member shall be entitled to receive a reimbursement of seventy-five percent (75%) of $9,909.00.

9

**C.      Requirements for and Limitations on Entitlement to Reimbursements Set Forth in Section II(B).**

(1)      To qualify for reimbursement of past paid and unreimbursed out-of-pocket expenses under Section II(B) above, the Settlement Class Member must mail to the Claim Administrator, by first-class mail post-marked no later than one hundred twenty (120) days after the Notice Date, a fully and properly completed Claim Form, signed under penalty of perjury, together with the required Proof of Repair Expense[2] documentation defined in Section I(N) of this Settlement Agreement, demonstrating that the Claim for Reimbursement is valid and complies in all respects with the terms of this Settlement Agreement.

(2)      Any damage to the air intake system, air filter, engine, turbocharger or intercooler of Settlement Class Vehicles resulting from abuse, alteration or modification, a collision or crash, vandalism, and/or damage from an external source, does not qualify for reimbursement.

(3)      Defendants shall not be responsible for, and shall not warrant, repair or replacement work performed on a Settlement Class Vehicle by a service center or facility that is not an authorized Volkswagen dealer.

(4)      If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim shall contain proof that the claimant is a Settlement Class Member, that the vehicle is a Settlement Class Vehicle and that the Settlement Class Member paid for the Covered Repair.

---

[2] Volkswagen Group of America, Inc. shall encourage authorized Volkswagen dealers to cooperate with Settlement Class Members' reasonable requests to obtain copies of existing Proof of Repair Expense to the extent a Covered Repair was performed by an authorized Volkswagen dealer and the requested records are readily available.

(5)    Any Claim for Reimbursement shall be reduced by the amount of any payment, concession or goodwill accommodation or discount(s) already received, from any other source (including Defendants, an authorized Volkswagen dealer, an insurer, service contract provider, or extended warranty provider, or any other person or entity), for all or part of the amount of the Covered Repair that is the subject of the Claim for Reimbursement.  The Claim Form shall contain a statement in which the Settlement Class Member must verify either that no such payment, concession or goodwill accommodation or discount(s) was received from another source, or if it was, the amount of the payment received and from whom/what source it was received.

(6)    The Claim Administrator's denial of all or part of any Claim shall be binding and non-appealable, except that a Settlement Class Member may seek attorney review of said denial by so requesting it from the Claim Administrator within fifteen (15) days of the date of mailing of the denial.  If attorney review is timely requested, Class Counsel and Defense Counsel shall confer and attempt to resolve any disputed denial by the Claim Administrator in good faith.  This provision does not apply to claims that, based on the proof submitted, do not qualify for reimbursement benefits under the terms of the Settlement.

## III.    CLAIMS ADMINISTRATION

### A.    Claims for Reimbursement Shall Be Administered by the Claim Administrator.

Defendants shall be responsible for the costs of Class Notice and Claim Administration under this Settlement Agreement.  The Parties retain the right to audit and review the claim handling by the Claim Administrator, and the Claim Administrator shall report to both Parties jointly.

**B.     Administration.**

(1)     For each approved Claim for Reimbursement, the Claim Administrator, on behalf of Defendants, shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check to be sent within one hundred (100) days of the date of submission of the completed Claim (i.e., a fully completed and signed Claim Form with all required supporting documentation), or within one hundred (100) days of the Effective Date, whichever is later.

(2)     Disputes as to the sufficiency of the Proof of Repair Expense and other documentation submitted in support of a Claim for Reimbursement shall be submitted to and resolved by the Claim Administrator.  In the event the Claim Administrator makes a preliminary determination that the Claim for Reimbursement and/or Proof of Repair Expense submitted is insufficient, the Claim Administrator shall send the Settlement Class Member a letter advising of the deficiencies.  The Settlement Class Member shall have forty-five (45) days to cure the deficiencies or the Claim shall be denied.

## IV.     NOTICE

**A.     To Attorneys General:**

In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides.

**B.     To the Settlement Class:**

The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

(1)    On an agreed-upon date with the Claim Administrator within one hundred (100) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached hereto as Exhibit C, together with the Claim Form, substantially in the form attached hereto as Exhibit A, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. Defendants may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for dissemination of the Class Notice.

(2)    For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from Polk/IHS Markit, Experian or a similar source, the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained. For the same purpose, Volkswagen Group of America, Inc. will, pursuant to confidentiality order, provide VINs of Settlement Class Vehicles to the Claim Administrator and Class Counsel.

(3)    Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database shall be conducted to update the address information for Settlement Class Vehicle owners and lessees.  For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided.  For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g., a skip trace) and re-mail any undeliverable notice packets to the extent any new and current addresses are located.

(4)     The Claim Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defense Counsel, report to Class Counsel and Defense Counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

(5)     The Claim Administrator shall, upon request, provide Class Counsel and Defense Counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

(6)     The Claim Administrator shall, with the participation of Class Counsel and Defense Counsel, implement a Settlement website, which shall be operational on the Notice Date and shall contain:

(a)     instructions on how to submit a Claim for Reimbursement;

(b)     instructions on how to contact the Claim Administrator, Class Counsel and/or Defense Counsel for assistance;

(c)     a copy of the Claim Form, Class Notice, this Settlement Agreement, the Preliminary Approval Order, the motion for Final Approval, and other pertinent orders and documents to be agreed upon by counsel for the Parties; and

(d)     relevant deadlines for any comments, objections, requests for exclusion and mailing of claims, the date/time/location of the final fairness hearing, and any other relevant information agreed upon by counsel for the Parties.

(7)     No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit or declaration to Class Counsel and Defense Counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement or those required by the Court.

14

## V.    RESPONSE TO NOTICE

### A.    Objection to Settlement.

(1)    Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement, the requested amount of Class Counsel Fees and Expenses and/or Settlement Class representative service awards, must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, which date shall be no later than thirty (30) days after the Notice Date, file any such objection with the Court in person or via the Court's electronic filing system.  Copies of any objections and supporting briefs or documentation must also be mailed by first-class mail postmarked no later than the date specified to: Frederick J. Klorczyk III, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 on behalf of Class Counsel; Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 on behalf of Defendants; and the Claim Administrator, Angeion Group, Attn: Exclusion Requests/Objections, P.O. Box 58220, Philadelphia, PA 19102.

(2)    Any objecting Settlement Class Member must include with his/her/their/its objection:

   (a)    the objector's full name, address, and telephone number;

   (b)    the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

   (c)    a written statement of all grounds for the objection accompanied by any legal support for such objection;

   (d)    copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

   (e)    the name, address and telephone number of any counsel representing said objector; and

(f)    a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his, her, their or its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

(3)    Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class representative service award.  In order to appear, the objecting Settlement Class Member must, by the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the final fairness hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the final fairness hearing.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

(4)    Any Settlement Class Member who has not filed an objection in accordance with the deadline and requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement by appeal or otherwise.

**B.    Request for Exclusion from the Settlement.**

(1)    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by first-class mail postmarked no later than thirty (30) days after the Notice Date,

16

a written request for exclusion ("Request for Exclusion") to (a) the Claim Administrator at the address specified in the Class Notice; (b) Frederick J. Klorczyk III, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019  on behalf of Class Counsel; and (c) Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 on behalf of Defendants.

    (2)    To be effective, the Request for Exclusion must:

        (a)    include the Settlement Class Member's full name, address and telephone number;

        (b)    identify the model, model year and VIN of the Settlement Class Vehicle;

        (c)    state that he/she/they/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

        (d)    specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

    (3)    Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper addresses, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

    (4)    Any Settlement Class Member who submits a timely and proper Request for Exclusion cannot also submit an objection to the Settlement.

The Claim Administrator will receive purported Requests for Exclusion and shall consult with Class Counsel and Defense Counsel in determining whether they meet the requirements of a Request for Exclusion.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member intended to be excluded from the Settlement Class shall be evaluated jointly by counsel for the Parties, who shall make a good faith evaluation.  Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class shall be

17

submitted to the Court for resolution.  The Claim Administrator shall maintain a database of all Requests for Exclusion, and shall send the original written communications memorializing those Requests for Exclusion to Class Counsel and Defense Counsel.  The Claim Administrator shall report the names and addresses of all such persons and entities that submitted timely and proper Requests for Exclusion to the Court, Class Counsel and Defense Counsel within eighteen (18) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class shall be attached as an exhibit to the Final Approval Order and Judgment.

## VI.    WITHDRAWAL FROM SETTLEMENT

A.    Plaintiffs or Defendants shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

(1)    Any objection to the proposed Settlement is sustained and such objection results in changes to this Settlement Agreement that the withdrawing party deems in good faith to be material (e.g., because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

(2)    The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, or deprives the withdrawing party of a benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material); or

(3)      Entry of the Final Order and Judgment described in this Settlement Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal from the Settlement.

B.      The Defendants shall, in addition, have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than five percent (5%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class in accordance with the provisions of Section V(B) of this Settlement Agreement.

C.      To withdraw from this Settlement Agreement under this section, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this Settlement Agreement.  In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation for any purpose, including the existence, certification or maintenance of any purported class.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, and documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.  Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

D.     A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.   ADMINISTRATIVE OBLIGATIONS

A.     In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any Claims submitted pursuant to this Settlement Agreement and any responses thereto.  The Claim Administrator, on a weekly basis, shall provide to Class Counsel and Defense Counsel a summary of information concerning the number of claims made, number of claims validated, number of claims denied or rejected/returned for incompleteness or deficiencies, and the total dollar amount of payouts on approved claims made, such that Class Counsel and Defense Counsel may inspect and monitor the claims process.

B.     Except as otherwise stated herein, all expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of this Settlement Agreement, shall be paid by Defendants.

## VIII.  SETTLEMENT APPROVAL PROCESS

A.     **Preliminary Approval of Settlement.**

Within twenty (20) days after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit B.

B.     **Final Approval of Settlement.**

(1)     If this Settlement Agreement is preliminarily approved by the Court, within twenty (20) days after objections to the fairness of this Settlement Agreement or the requested amount of

20

Class Counsel Fees and Expenses and/or Settlement Class representative service awards must be filed as set forth in Section V(A), Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the agreed-upon form attached as Exhibit D.

(2)    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment of the Settlement terms contained herein, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

**C.    Plaintiffs' Application for Attorney Fees and Service Awards.**

(1)    The Parties agree that, within fourteen (14) days after the Notice Date, Class Counsel may apply to the Court for a combined award of reasonable attorneys' fees, costs and expenses (collectively, "Class Counsel Fees and Expenses"), to be paid by Defendants separate and apart from any benefits to the Settlement Class pursuant to this Settlement Agreement, in an amount up to, but not exceeding, the total combined sum of $775,000.00 (Seven Hundred Seventy-Five Thousand Dollars).  Defendants shall not oppose Class Counsel's application for Class Counsel Fees and Expenses in the combined amount up to, but not exceeding, $775,000.00, and Class Counsel shall neither seek nor accept any award of Class Counsel Fees and Expenses exceeding said combined amount.  Each party shall have the right to appeal any award of Class Counsel Fees and Expenses inconsistent with this Settlement Agreement.

21

(2)     Plaintiffs believe that Defendants should pay a service award to the individually named Plaintiffs in the Action, who have served as putative class representatives.    Upon finalization of this Settlement Agreement, the Parties have agreed that Defendants shall not oppose Plaintiffs' request, made as part of the Fee and Expense Application, that Defendants pay a service award of $5,000.00 each to Plaintiffs Jodi Crandell, Juan Ontiveros, and Jim Kettelkamp, and to Abraham Litchfield and Jose Suarez who will be added as Plaintiffs in a Second Amended Complaint (collectively, "Settlement Class representatives"), and no Settlement Class Representative shall seek or accept any service award exceeding said amount.

(3)     The Class Counsel Fees and Expenses shall be paid as directed by the Court by wire transfer or other mutually agreeable fashion within twenty-one (21) days after entry of the Final Order and Judgment for Class Counsel Fees and Expenses, subject to Class Counsel's Stipulation Regarding Undertaking re: Attorneys' Fees and Costs, executed on January 14, 2021 and January 28, 2021, that is attached as Exhibit E to this Settlement Agreement.   Said payments shall fully and completely satisfy and discharge all obligations of Defendants and the Released Parties with respect to payment of Class Counsel attorneys' fees, costs and expenses.

(4)     The Settlement Class Representative service awards shall be paid as directed by the Court by wire transfer, check or other mutually agreeable fashion within the later of (a) thirty (30) days after the Effective Date of the Settlement, or (b) assuming the Effective Date of the Settlement has occurred, thirty (30) days after entry of the Final Order and Judgment for service awards, including final termination or disposition of any appeals relating thereto.  Said payments shall fully satisfy and discharge all obligations of Defendants and the Released Parties with respect to payment of Settlement Class Representatives' service awards.

(5)     The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee and Expense Application are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of this Settlement Agreement.  Any order or proceedings relating solely to the Fee and Expense Application, or any appeal from any order related thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the Effective Date of this Settlement Agreement.  Payment of Class Counsel Fees and Expenses and the Settlement Class Representatives' service awards shall not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members shall not be required to pay any portion of the Settlement Class Representatives' service awards or Class Counsel Fees and Expenses.

**D.     Release of Plaintiffs' and Settlement Class Members' Claims.**

(1)     Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged the Released Parties from all Released Claims.

(2)     Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and all Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

(3)     Upon the Effective Date, the Action shall be dismissed with prejudice.

23

## IX.    MISCELLANEOUS PROVISIONS

### A.    Effect of Exhibits.

The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated in and made a part of this Settlement Agreement.

### B.    No Admission of Liability.

Neither the fact and existence of, nor any term or provision contained in, this Settlement Agreement, nor any action taken hereunder, shall constitute, be construed as or be admitted as evidence of, any admission of the validity or merits of any claim or fact alleged in the Action, or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendants and/or the Released Parties, or any admission by Defendants and/or the Released Parties of any claim or allegation made  or which could have been made in any action or proceeding against them.  The Parties understand and agree that neither this Settlement Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendants, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Settlement Agreement and/or the Final Order and Judgment.

### C.    Entire Agreement.

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, term sheets and understandings relating to the subject matter of this Settlement Agreement.   The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.  No modification or waiver of any provision of this Settlement Agreement shall in any

24

event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of this Settlement Agreement is sought.

### D.    Arm's-Length Negotiations and Good Faith.

The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length.  All terms, conditions and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

### E.    Continuing Jurisdiction.

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

### F.    Binding Effect of Settlement Agreement.

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors and assigns.

### G.    Extensions of Time.

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to Court dates).

### H.    Service of Notice.

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Class Counsel or Defense Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

<u>As to Plaintiffs:</u>           BURSOR & FISHER, P.A.
Frederick J. Klorczyk III, Esq.
888 Seventh Avenue
New York, NY 10019

<u>As to Defendants:</u>        HERZFELD & RUBIN, P.C.
Michael B. Gallub, Esq.
Homer B. Ramsey, Esq.
125 Broad Street
New York, NY 10004

## I.   Authority to Execute Settlement Agreement.

Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any Party hereto warrants that such person has the authority to do so.

## J.   Discovery.

Defendants shall cooperate and participate in reasonable confirmatory discovery, to the extent reasonably deemed necessary by Plaintiffs and agreed by the Parties.

## K.   Return of Confidential Materials.

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed in accordance with the terms of the Discovery Confidentiality Order entered in the Action on April 24, 2020.

## L.   No Assignment.

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

## M.   No Third-Party Beneficiaries.

This Settlement Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Settlement Agreement.

26

**N.     Construction.**

The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Settlement Agreement and, therefore, the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**O.     Captions.**

The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**P.     Signatures**

This Agreement may be executed in counterparts and by facsimile or PDF format, each of which shall be deemed an original and all of which when taken together shall constitute one and the same instrument. Signatures may be obtained electronically via DocuSign, Adobe Sign or similar service.

IN WITNESS HEREOF, the Parties have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

*ON BEHALF OF PLAINTIFFS*

Dated: May _14_, 2021         _____
                                          Jodi Crandell

Dated: May ___, 2021          _____
                                          Juan Ontiveros

Dated: May ___, 2021          _____
                                          Jim Kettelkamp

27

Dated: May ___, 2021

_____
Abraham Litchfield

Dated: May ___, 2021

_____
Jose Suarez

Dated: May  7 , 2021

_____
Frederick J. Klorczyk III, Esq.
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019

Joel D. Smith, Esq.
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
*Attorneys for Plaintiffs*

*ON BEHALF OF DEFENDANTS*

Dated: May ___, 2021

_____
Michael B. Gallub, Esq.
Homer B. Ramsey, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004
*Attorneys for Volkswagen Group of America, Inc. and Volkswagen AG*

28

**N.    Construction.**

The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Settlement Agreement and, therefore, the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**O.    Captions.**

The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**P.    Signatures**

This Agreement may be executed in counterparts and by facsimile or PDF format, each of which shall be deemed an original and all of which when taken together shall constitute one and the same instrument. Signatures may be obtained electronically via DocuSign, Adobe Sign or similar service.

IN WITNESS HEREOF, the Parties have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

*ON BEHALF OF PLAINTIFFS*

Dated: May ___, 2021                                  _____
                                                                          Jodi Crandell

Dated: May ___, 2021                                  _____
                                                                          Juan Ontiveros

Dated: May 14, 2021                                  _____
                                                                          Jim Kettelkamp

27

**N.      Construction.**

The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Settlement Agreement and, therefore, the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**O.      Captions.**

The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**P.      Signatures**

This Agreement may be executed in counterparts and by facsimile or PDF format, each of which shall be deemed an original and all of which when taken together shall constitute one and the same instrument. Signatures may be obtained electronically via DocuSign, Adobe Sign or similar service.

IN WITNESS HEREOF, the Parties have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

*ON BEHALF OF PLAINTIFFS*

Dated: May ___, 2021                          _____
                                                             Jodi Crandell

Dated: May _17_, 2021                       _____
                                                             Juan Ontiveros

Dated: May ___, 2021                          _____
                                                             Jim Kettelkamp

27

Dated: May 19, 2021

_____
Abraham Litchfield

Dated: May ___, 2021

_____
Jose Suarez

Dated: May 7, 2021

_____
Frederick J. Klorczyk III, Esq.
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019

Joel D. Smith, Esq.
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
*Attorneys for Plaintiffs*

*ON BEHALF OF DEFENDANTS*

Dated: May ___, 2021

_____
Michael B. Gallub, Esq.
Homer B. Ramsey, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004
*Attorneys for Volkswagen Group of
America, Inc. and Volkswagen AG*

28

Dated: May ___, 2021

Dated: May 17, 2021

Dated: May 7, 2021

_____
Abraham Litchfield

_____
Jose Suarez

_____
Frederick J. Klorczyk III, Esq.
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019

Joel D. Smith, Esq.
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
*Attorneys for Plaintiffs*

ON BEHALF OF DEFENDANTS

Dated: May 24, 2021

_____
Michael B. Gallub, Esq.
Homer B. Ramsey, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, NY 10004
*Attorneys for Volkswagen Group of
America, Inc. and Volkswagen AG*

28

**EXHIBIT A**

# VW DRAIN VALVE SETTLEMENT
# REIMBURSEMENT CLAIM FORM

You Must Timely Complete, Sign and Submit This Claim Form, together with the Specified Supporting Records/Documents in order to Receive Reimbursement of Past Out-of-Pocket Expenses Paid for a Qualifying Covered Repair Prior to _____, 2021 [Notice Date], Under the Settlement Agreement in *Crandell v. Volkswagen Group of America, Inc., et al.,* Civil Action No. 2:18-cv-13377 (District of New Jersey)

## STEPS FOR SUBMITTING A CLAIM FOR REIMBURSEMENT:

**(1)** **Verify Your Contact Information:**

If your contact information is incorrect, please correct it in the boxes provided below:

<<FIRSTMILASTNAME1>>
<<ADDRESS1>>
<<ADDRESS2>>
<<ADDRESS3>>
<<CITY>> <<ST>> <<ZIPCODE>>
<<TELEPHONE NUMBER>>
<<VIN>>
<<VEHICLE MAKE>>
<<VEHICLE MODEL>>

*First Name:*                    *MI:*    *Last Name:*

*Address:*

*City:*                    *State:*    *ZIP Code:*

*Telephone Number:*

*Vehicle ID Number (VIN):*

*Vehicle Make:*

*Vehicle Model:*

**(2)** **Provide a repair invoice, receipt and/or other records (original or legible copies) for the repair:**

The repair invoice, receipt and/or records MUST include the following information:

(a)    Your full name and address;

(b)    The year, model and Vehicle Identification Number (VIN) of your Settlement Class Vehicle that was repaired;

(c)    The name and address of the authorized Volkswagen dealership or other service center or facility

1

that performed the repair;

(d)    The date that the repair was performed on your Settlement Class Vehicle;

(e)    That the repair was for water ingress damage to the air intake system, air filter, engine, turbocharger or intercooler that was caused by a clogged drain valve in the engine air intake hose;

(f)    A description of the repair performed, including the parts repaired/replaced and a breakdown of the parts and labor costs;

(g)    The vehicle's mileage at the time of the repair; and

(h)    Proof of your payment for the repair work performed, including the amount paid.

Total Dollar Amount Claimed For Reimbursement for the Paid Repair(s): $ ☐☐☐☐.☐☐

**(3)    For the amount of the repair cost for which you are seeking to be reimbursed, did you receive any payment, concession, or goodwill accommodation or discount(s) for all or any part of that amount from any source, including from Volkswagen, a Volkswagen dealership, an insurer, service contract provider, or extended warranty provider, or any other person or entity?**

☐ Yes    ☐ No

If you answered YES, list the total amount of the cost for which you received payment, concession or goodwill accommodation or discount(s), and provide information regarding the source(s) of such payment(s):

$ ☐☐☐☐.☐☐

_____

_____

_____

**(4)    Sign & Date:**

All the information that I (we) supplied in this Claim Form is true and correct to the best of my (our) knowledge and belief, and this document is signed under penalty of perjury.

|  | Date: | MM | DD | YYYY |
|---|---|---|---|---|

Signature

**(5)    Mail Claim Form and all Documents/Paperwork, postmarked no later than _____, 2021, to:**

[Claim Administrator address]

**For more information, please view the Class Notice, call the Claims Administrator at 1-___-___-____, or visit the settlement website at  www._____.com**

2

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JODI CRANDELL, JUAN ONTIVEROS, and JIM KETTLEKAMP on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>   vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. and VOLKSWAGEN AKTIENGESELLSCHAFT,<br><br>             Defendants. | Civil Action No. 2:18-cv-13377-CCC-MF<br><br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the Settlement of this Action pursuant to the settlement agreement fully executed on or about May 24, 2021 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

NOW, THEREFORE, IT IS ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable and adequate under Rule 23, subject to further consideration at the Final Approval Hearing described below.

1

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class:

> All persons and entities who purchased or leased in the United States or Puerto Rico any model year 2015, 2016 or 2017 Volkswagen Touareg vehicle that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico (hereinafter "Settlement Class").

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

4.    The Court preliminarily appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

5.    The Court preliminarily appoints Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield and Jose Suarez as Settlement Class Representatives.

6.    The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the

2

claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

7.    In addition, the Court finds that preliminary certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation. It appears that sufficient investigation, research, and discovery have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of Settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action.

8.    The Court also preliminarily finds that the Settlement Agreement has been reached as a result of intensive, arm's-length negotiations of disputed claims, including through the use and assistance of an experienced third-party neutral mediator, and that the proposed Settlement is not the result of any collusion.

9.    The Court approves the form and content of the Settlement Class Notice (Exhibit C to the Settlement Agreement) and Claim Form (Exhibit A to the Settlement Agreement). The Court further finds that the mailing of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23, due process, and constitutes the best notice practicable under the circumstances.  The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement, Class Counsel's application for Fees and Expenses and service awards for the named Plaintiff-Settlement Class representatives, the time, place and right to appear at the Final Fairness hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights.  The Court authorizes the Parties to make non-material modifications to the

3

Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

10.     The Court preliminarily appoints Angeion Group as the Settlement Claim Administrator ("Claim Administrator"). The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the  Settlement website, disseminating the Class Notice to the Settlement Class, the processing, review and determination of timely submitted and proper Claims for Reimbursement under the Settlement, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the settlement Agreement.

11.     The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to Polk/IHS Markit, or any other company so retained by the parties and/or the Claim Administrator, to release the names and addresses of Settlement Class Members in the Action associated with the titles of the Vehicle Identification Numbers at issue in the Action for the purposes of disseminating the Settlement Class Notice to the Settlement Class Members.  Polk/IHS Markit is ordered to license, pursuant to agreement between Defendant(s) and Polk/IHS Markit and/or the Claim Administrator and Polk/IHS Markit, the Settlement Class Members' contact information to Defendant(s) solely for the use of providing Settlement Class Notice in the Action and for no other purpose.

12.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by first-class mail postmarked no later than thirty (30) days after the date the Class Notice is mailed ("Notice Date"), a written request for exclusion ("Request for Exclusion") to (a) the Claim Administrator at the address specified in the Class Notice; (b) Frederick J. Klorczyk III, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 on behalf of Class Counsel; and (c) Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 on behalf of Defendants.  To be effective, the Request for Exclusion must:

4

a. Include the Settlement Class Member's full name, address and telephone number, and identify the model, model year and VIN of the Settlement Class Vehicle;

b. State that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

c. Specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

13.    Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders and judgments in the Action concerning the Settlement, including but not limited to the Release of claims set forth in the Settlement Agreement.

14.    Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement, the requested amount of Class Counsel Fees and Expenses and/or Settlement Class representative service awards.

a. To object, a Settlement Class Member must: (i) file the objection, together with any supporting briefs and/or documents, with the Court in person or via the Court's electronic filing system within thirty (30) days of the Notice Date; and (ii) send via first-class mail, postmarked within thirty (30) days of the Notice Date, copies of any objection and supporting briefs and/or documents to: Frederick J. Klorczyk III, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 on behalf of Class Counsel; Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 on behalf of Defendants; and the Claim Administrator, Angeion Group, P.O. Box 58220, Philadelphia, PA 19102.

b. Any objecting Settlement Class Member must include the following with his/her/their/its objection: (i) the objector's full name, address, and telephone number; (ii) the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased

the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (v) the name, address and telephone number of any counsel representing said objector; and (vi) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

c.  Subject to the approval of the Court, any Settlement Class Member who has properly filed a timely objection may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class representative service awards.  In order to appear, the objecting Settlement Class Member must, by the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of all witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in the Settlement Agreement and

Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

    d.   Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

15.    In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    a.   All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

    b.   All of the Parties' respective pre-Settlement claims, defenses and procedural rights, including but not limited to Defendants' pending Motion to Dismiss, will be preserved, and the parties will be restored to their positions *status quo ante*;

    c.   Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants, Released Parties or Plaintiffs on any allegation, claim, defense, or point of fact or law in connection with this Action;

    d.   Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and

    e.   The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

16.     Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute or participate in, against any of the Released Parties (as that term is defined in the Settlement Agreement), any action or proceeding in any court or tribunal (judicial, administrative or otherwise) asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement.  Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17.     Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

18.     Based on the foregoing, the Court sets the following schedule, below, for the Final Fairness Hearing and the actions which must precede it.  If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day.  These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class.  Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant to Settlement Agreement | Date Ordered by Court |
|---|---|---|
| Notice shall be provided in accordance with the Notice Plan and this Order | Within 100 days of Preliminary Approval Order | |
| Class Counsel's Fee and Expense Application and request for service awards for Plaintiffs-Settlement Class Representatives | Within 114 days of Preliminary Approval Order | |

| | | |
|---|---|---|
| Objections to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for service awards | Within 130 days of Preliminary Approval Order (30 days after the Notice Date) | |
| Requests for Exclusion from the Settlement | Within 130 days of Preliminary Approval Order (30 days after the Notice Date) | |
| Plaintiffs' Motion for Final Approval of the Settlement | Within 150 days of Preliminary Approval Order | |
| Claim Administrator shall submit a declaration to the Court, Class Counsel and Defense Counsel (i) reporting the names and addresses of all persons and entities that submitted timely and proper Requests for Exclusion; and (ii) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement and this Preliminary Approval Order. | Within 150 days of Preliminary Approval Order | |
| Responses of Any Party to timely filed Objections to the Settlement and/or Fee and Expense Application, and any Requests for Exclusion | Within 165 days of Preliminary Approval Order | |
| Any submissions by Defendants concerning Final Approval of Settlement | Within 165 days of Preliminary Approval Order | |
| Final Fairness Hearing will be held at Martin Luther King Building & U.S. Courthouse, Courtroom PO 09, 50 Walnut St., Newark, NJ 07102 or by video conference as determined by the Court | Within 180 days of Preliminary Approval Order (30 days after filing of Motion for Final Approval of Settlement) | Date:<br><br>Time: |

9

SO ORDERED:


Date: _____          _____

                                       Honorable Mark Falk
                                       United States Magistrate Judge

**EXHIBIT C**

# CLASS NOTICE

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

If you currently or previously purchased or leased a 2015, 2016 or 2017 Volkswagen Touareg vehicle in the United States or Puerto Rico, you may be entitled to benefits afforded by a class action settlement. This notice is being mailed to you because you have been identified as owning or leasing such a vehicle.

- **This is a proposed class action in which Plaintiffs have asserted claims concerning the drain valves in the engine air intake systems of 2015, 2016 and 2017 Volkswagen Touareg vehicles. The class action, pending in the United States District Court for the District of New Jersey, is entitled *Crandell v. Volkswagen Group of America, Inc. and Volkswagen Aktiengesellschaft*, Civil Action No. 2:18-cv-13377 (the "Action" or "Lawsuit").**

- **The parties have agreed to settle the Action. This Notice explains the Action, the Settlement, your legal rights, available benefits, who is eligible for them, how to obtain them if you are eligible, and applicable time deadlines. As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement. Additional information is available online at www._____.com.**

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

- **The Court in charge of this case still has to decide whether to approve the Settlement. Any eligible payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.**

### BASIC INFORMATION

| 1. Why you received this notice, and what the settlement benefits are. |
| --- |

According to Volkswagen Group of America, Inc.'s ("VWGoA") records, you are a current or past owner or lessee of a model year 2015, 2016 or 2017 Volkswagen Touareg vehicle that was imported and distributed by VWGoA in the United States or Puerto Rico (hereinafter, collectively, "Settlement Class Vehicles").

As a current or past owner or lessee of a Settlement Class Vehicle, you are considered a "Settlement Class Member."

A class action lawsuit was filed alleging a defect in the drain valves of engine air intake systems of Settlement Class Vehicles. VWGoA and Volkswagen Aktiengesellschaft ("VWAG") have denied the claims, and maintain that the vehicles are not defective, that no applicable warranties were breached or statutes violated, and that no wrongdoing occurred with respect to the Settlement Class Vehicles.

The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

**I.      Service Action for Current Owners and Lessees of Settlement Class Vehicles**

Effective on _____, 2021, VWGoA will issue a Service Action [_____] that enables current owners and lessees of Settlement Class Vehicles to have the drain valve in the engine air intake hose removed from their Settlement Class Vehicles free of charge by an authorized Volkswagen dealer.  In connection with this Service Action, if, upon inspection by the dealer, replacement of the air filter is deemed necessary because it is wet, saturated, or there are other signs of water damage to the air filter, a new air filter will be installed in the Settlement Class Vehicle, also free of charge,. The Service Action will be available to Settlement Class Members until _____.

**II.      Reimbursement for Certain Past Unreimbursed Out-of-Pocket Expenses for a Qualifying Covered Repair That Was Paid for Prior to [_____], 2021 [Notice Date].**

Settlement Class Members may be entitled to reimbursement of unreimbursed out-of-pocket expenses that were incurred and paid, prior to _____, 2021 [the Notice Date], to repair a diagnosed condition of water ingress damage to the air intake

Questions? Call 1-___-___-____ or visit www._____.com

2

system, air filter, engine, turbocharger or intercooler of a Settlement Class Vehicle that was caused by a clogged drain valve in the engine air intake hose ("Qualifying Covered Repair"), as follows:

(A)     If the Settlement Class Member submits required documentation confirming that he/she/it paid out-of-pocket for a Qualifying Covered Repair of a Settlement Class Vehicle that was performed by an authorized Volkswagen dealer, the Settlement Class Member shall be entitled to receive reimbursement of seventy-five percent (75%) of the paid invoice costs (parts and labor) of one (1) Qualifying Covered Repair.

(B)     If the Settlement Class Member submits required documentation confirming that he/she/it paid out-of-pocket for a Qualifying Covered Repair of a Settlement Class Vehicle that was performed by a service center or facility that is not an authorized Volkswagen dealer, the Settlement Class Member shall be entitled to receive reimbursement of seventy-five percent (75%) of the paid invoice costs (parts and labor) of one (1) Qualifying Covered Repair, subject to a $9,909.00 maximum invoice cost amount of the Covered Repair. Thus, for example, if the amount of the paid repair invoice cost of a Covered Repair is less than $9,909.00, the Settlement Class member shall be entitled to receive a reimbursement of seventy-five percent (75%) of that amount.  If, however, the amount of the paid repair invoice cost of a Covered Repair is equal to or exceeds $9,909.00, then the Settlement Class Member shall be entitled to receive a reimbursement of seventy-five percent (75%) of $9,909.00.

III.     **Requirements for and Limitations on Entitlement to Reimbursements Set Forth in Section II Above.**

To qualify for reimbursement of past paid out-of-pocket expenses as provided in Section II above, Settlement Class Members must timely comply with the following requirements:

(A)     Any Claim for Reimbursement must contain the required completed and signed Claim Form, a copy of which is attached to this Notice and also available at www._____.com, together with all required documentation listed in the Claim Form.

(B)     The fully completed and signed Claim Form, together with all required documentation, must be mailed to the Claim Administrator by first-class mail **post-marked no later than _____, 2021.**

(C)     If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim shall also contain proof that the claimant is a Settlement Class Member, that the vehicle is a Settlement Class Vehicle, and that the Settlement Class Member paid for the Qualifying Covered Repair for which reimbursement is being sought under this Settlement.

(D)     Any damage to the air intake system, air filter, turbocharger or intercooler of Settlement Class Vehicles resulting from abuse, alteration or modification, a collision or crash, vandalism, and/or damage from an external source, does not qualify for reimbursement.

(E)     Any reimbursement pursuant to this Settlement shall be reduced by the amount of any payment, concession, or goodwill accommodation or discount(s) already received, from any other source (including VWGoA, a Volkswagen dealer, an insurer, service contract provider, or extended warranty provider, or any other person or entity) for all or part of the amount of the repair that is the subject of the Claim for Reimbursement.

(F)     Each Claim for Reimbursement shall include, in the Claim Form, a statement that the Settlement Class Member has not previously been reimbursed, and that no payment, concession or goodwill accommodation or discount(s) were received from any source, for all or part of the out-of-pocket expense for which reimbursement is being sought under this Settlement, or if full or partial reimbursement was previously received, delineate the amount of the payment received and from whom/what source it was received.

## 2. Why is this a class action settlement?

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims. All of these people are Class Members. The Class Representatives and all Settlement Class Members are called the Plaintiffs and the companies they sued are called the Defendants. One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class.

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong. That way, all parties avoid the risks, cost and delays

Questions? Call 1-___-___-____ or visit www._____.com

3

of a trial, and the people affected (the Settlement Class Members) will receive benefits quickly. The Class Representatives and the attorneys believe the Settlement is best for the Settlement Class.

### WHO IS PART OF THE SETTLEMENT?

### 3. Am I in this Settlement Class?

The Court has conditionally approved the following definition of a Settlement Class Member: All persons or entities who purchased or leased a Settlement Class Vehicle in the United States and Puerto Rico.

Excluded from the Settlement Class are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents, and representatives of Volkswagen Group Companies, and their family members; (c) any affiliate, parent, or subsidiary of Defendants, and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

### 4. I'm still not sure if I am included in this Settlement.

If you are still not sure whether you are included in this Settlement, you can get more information. You can call 1-___-___-____ or visit www._____.com for more information.

### SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the Settlement provide?

The benefits afforded by the Settlement are described in Section 1. Additional details are provided in the next three sections.

### 6. Who can send in a Claim for Reimbursement?

Any United States or Puerto Rico resident who purchased or leased a Settlement Class Vehicle can send in a timely Claim for cash reimbursement for money spent prior to the Notice Date (date of this Notice) if the Claim satisfies the parameters and criteria required for reimbursement described in Section 1.

### 7. How do I send in a Claim for Reimbursement?

To submit a Claim for Reimbursement, you must do the following within the required deadline:

    A.  Complete, sign under penalty of perjury, and date a Claim Form (there is one enclosed with this Class Notice, and you can also download one at www._____.com). It is recommended that you keep a copy of the completed Claim Form; and

    B.  Mail the completed, signed, and dated Claim Form, together with your supporting documentation (i.e., repair invoice, receipt or similar record[s]) by first-class mail, to the address provided on the Claim Form. The information that must be reflected in your records is described on the Claim Form. It is recommended that you keep a copy of your records and receipts.

If you are eligible for reimbursement benefits under the Settlement but fail to submit the completed Claim Form and supporting documents by the required deadline, you will not receive a reimbursement.

**Questions? Call 1-___-___-____ or visit www._____.com**

4

## 8. When do I get my reimbursement or learn whether I will receive a payment?

If the Settlement Claim Administrator determines that your Claim is valid, your reimbursement will be mailed to you within one hundred (100) days of the date of your submission of the completed Claim with all required supporting documentation, or within one hundred (100) days after the Settlement becomes final, which is called the "Effective Date", whichever date occurs later. The Court will hold a Final Fairness Hearing on _____, 2021, to decide whether to approve the Settlement as fair, reasonable, and adequate. Information about the progress of the case will be available at www._____.com.

If the Claims Administrator determines that your Claim should not be paid, you will be mailed a letter telling you this. If the reason for rejecting your Claim is due to a deficiency in your Claim Form and/or supporting proof, the letter will notify you of the deficiency in your Claim and what needs to be submitted and by when, to correct the deficiency. To check on the status of your Claim, you can call 1-___-___-____.

## 9. What am I giving up to participate in the Settlement and stay in the Class?

Unless you exclude yourself by taking the steps described in Section 10 below, you are staying in the Class, and that means that you will be bound by the release of claims and cannot sue, continue to sue, or be part of any other lawsuit about the same matters, claims, and legal issues that were or could have been asserted in this case. It also means that all of the Court's orders and judgments will apply to you and legally bind you. The specific claims and parties you will be releasing are described in full detail in sections I(O), I(P) and VIII (D) of the Settlement Agreement, which is available for review on the settlement website, www._____.com.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

## 10. How do I Exclude Myself from this Settlement?

**You have a right, if you so desire, to exclude yourself from this Settlement.** To exclude yourself from the Settlement, you must send a written Request for Exclusion to the Claim Administrator by first-class mail **post-marked no later than _____, 2021**, stating clearly that you want to be excluded from the Settlement. You must include in the Request for Exclusion your full name, address, telephone number; the model, model year and VIN of the Settlement Class Vehicle; a statement that you are a present or former owner or lessee of a Settlement Class Vehicle; and specifically and unambiguously state your desire to be excluded from the Settlement Class. You must mail your Request for Exclusion, **post-marked no later than _____, 2021**, to:

| **CLAIMS ADMINISTRATOR** |
| [INSERT ADDRESS] |

You cannot exclude yourself on the phone or by email. If you timely submit your request to be excluded by U.S. mail, you will not receive any benefits of the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit.

## 11. If I don't exclude myself, can I sue later?

No, not for the same matters and legal claims that were or could have been asserted in the Action, unless your claim is for personal injury or property damage (other than damage to the Settlement Class Vehicle itself).

## 12. If I exclude myself, can I get the benefits of this Settlement?

No, if you exclude yourself from the Settlement Class, you won't receive any money or benefits from this Settlement, and you should not submit a Claim Form. You cannot do both.

## 13. Do I have a lawyer in this case?

The Court has appointed the law firm of Bursor & Fisher, P.A. to represent Settlement Class Members. This law firm

Questions? Call 1-___-___-____ or visit www._____.com

5

is called "Class Counsel."

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer to participate in the Settlement because Class Counsel will be representing you and the Settlement Class. But, if you want your own lawyer, you may hire one at your own cost.

## 15. How will the lawyers be paid, and will the Plaintiff Settlement Class Representatives receive an incentive award?

Class Counsel have prosecuted this case on a contingency basis. They have not received any fees or reimbursement for costs and expenses associated with this case. Class Counsel will file an application with the Court requesting an award of reasonable attorney fees and reasonable costs and expenses ("Fees and Expenses") in an amount not exceeding a combined total sum of $775,000. Defendants have agreed not to oppose Class Counsel's application for Fees and Expenses to the extent not exceeding that combined total sum, and Class Counsel have agreed not to accept any Fees and Expenses in excess of that combined total sum. You won't have to pay these Fees and Expenses. Any Fees and Expenses awarded to Class Counsel will not affect your Settlement amount.

Class Counsel will also apply to the Court for a service award to the named Plaintiffs Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield, and Jose Suarez, who have conditionally been approved as Settlement Class Representatives, in the amount of $5,000 each for their efforts in pursuing this litigation for the benefit of the Settlement Class.

Any award for Class Counsel Fees and Expenses, and any service awards, will be paid by Defendants and will not reduce any benefits available to you or the rest of the Settlement Class under the Settlement.

Class Counsel's motion for Fees and Expenses and Settlement Class Representative service awards will be filed by **_____, 2021,** and a copy will be made available for review at www._____.com.

### SUPPORTING OR OBJECTING TO THE SETTLEMENT

## 16. How do I tell the Court that I like or dislike the Settlement?

**If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or you can ask the Court to deny approval by filing a written objection. You can object to the Settlement and/or to Class Counsel's requests for Fees and Expenses and Settlement Class Representative service awards.** You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no settlement payments will be sent out and the Lawsuit will continue. If that is what you want to happen, you must object on a timely basis. You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object to or comment on the Settlement, you must do the following:

i.   File your written objection or comment, and any supporting papers, materials or documentation, with the Court in person or via the Court's electronic filing system for this case, *Crandell v. Volkswagen Group of America, Inc., et al.,* United States District Court for the District of New Jersey, Civil Action No. 2:18-cv-13377, **no later than _____, 2021, and**

ii.  Mail copies of any objections and supporting papers, materials or documentation, by first-class mail, **postmarked no later than _____, 2021,** to the following:

| CLAIMS ADMINISTRATOR | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| [INSERT ADDRESS] | FREDERICK J. KLORCZYK III, ESQ.<br>BURSOR & FISHER, P.A.<br>888 SEVENTH AVENUE<br>NEW YORK, NY 10019 | MICHAEL B. GALLUB, ESQ.<br>HERZFELD & RUBIN, P.C.<br>125 BROAD STREET<br>NEW YORK, NY 10004 |

Questions? Call 1-___-___-____ or visit www._____.com

6

Your written objection must state clearly that you are objecting to the Settlement, Class Counsel Fees/Expenses and/or Class Representative service awards in *Crandell v. Volkswagen Group of America, Inc., et al.,* United States District Court for the District of New Jersey, Civil Action No. 2:18-cv-13377, and must include your full name, current address and telephone number; the model, model year and VIN of your Settlement Class Vehicle, along with proof that you own(ed) or lease(d) the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration or license receipt); a written statement of all your factual and legal grounds for objecting; copies of any papers, briefs and/or other documents upon which the objection is based and which are pertinent to the objection; and the name, address, and telephone number of any counsel representing you. Any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed, and the docket number, or affirmatively state that the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, in the written materials provided with the objection.

Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing. In order to appear, the objecting Settlement Class Member must, by the objection deadline of _____, 2021, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Settlement Class Member (or his/her counsel) intends to present to the Court in connection with the Fairness Hearing. Any Settlement Class Member who does not submit a Notice of Intention to Appear in accordance with the deadline and procedure set forth herein, will be deemed to have waived his/her/its right to be heard at the Fairness Hearing.

Any Settlement Class Member who does not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for Fees and Expenses and Settlement Class Representative service awards in accordance with the deadline and procedure set forth herein, will be deemed to have waived any objections to the proposed Settlement and to appeal from any order or judgment of the Court concerning this Action.

## 17. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

### FINAL FAIRNESS HEARING

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at _____ **a.m. on _____, 2021,** before _____ at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom ____, Newark, NJ 07101, to determine whether the Settlement should be granted final approval by the Court. At this Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's applications for Fees and Expenses and Settlement Class Representative service awards.

## 19. Do I have to come to the FINAL Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary for your objection to be considered by the Court.

## 20. May I speak at the FINAL Fairness Hearing?

If you do not exclude yourself, you may ask the Court's permission to speak at the Final Fairness Hearing concerning

**Questions? Call 1-___-___-____ or visit www._____.com**

7

the proposed Settlement or the application of Class Counsel for Fees and Expenses and Settlement Class Representative service awards. To do so, you must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice a Notice of Intention to Appear at the Fairness Hearing, saying that it is your intention to appear at the Final Fairness Hearing in *Crandell v. Volkswagen Group of America, Inc., et al.,* United States District Court for the District of New Jersey, Civil Action No. 2:18-cv-13377. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Settlement Class Member (or his/her counsel) intends to present to the Court in connection with the Fairness Hearing.

**You must file your Notice of Intention to Appear with the Clerk of the Court and serve upon all counsel designated in the Class Notice, no later than _____, 2021.** You cannot speak at the Final Fairness Hearing if you excluded yourself from the Settlement.

### IF YOU DO NOTHING

| 21. What happens if I do nothing at all? |
| --- |

If you do nothing, you will be bound by the Settlement if the Court approves it.

### MORE INFORMATION

| 22. Where can I get more information? |
| --- |

Visit the settlement website at www._____.com where you can find extra Claim Forms, a copy of the Settlement Agreement and other pertinent documents, and more information on this Lawsuit and Settlement. Updates regarding the Action, including important dates and deadlines, will also be available on the website. You may also call the Claims Administrator at 1-___-___-____ or email [INSERT EMAIL ADDRESS].

Questions? Call 1-___-___-____ or visit www._____.com

8

**EXHIBIT D**

**Placeholder:  Exhibit D to be drafted and submitted to the Court with the Motion for Final Approval**

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JODI CRANDELL, JUAN ONTIVEROS, and JIM KETTELKAMP, on behalf of themselves and the putative class,<br><br>     *Plaintiffs*,<br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. and VOLKSWAGEN AKTIENGESELLSCHAFT,<br><br>     *Defendants*. | Case No.  18-cv-13377 (CCC) |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Plaintiffs Jodi Crandell, Juan Ontiveros, and Jim Kettelkamp (collectively, "Plaintiffs"), on behalf of the putative class, and Volkswagen Group of America, LLC and Volkswagen Aktiengesellschaft (collectively, "Defendants" or "VW") (together the "Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Scott A. Bursor ("Class Counsel"), individually and as principal of his law firm, Bursor & Fisher P.A. ("the Firm"), desire to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned Class Counsel, on behalf of himself as an individual and as principal of the Firm, hereby submits himself and the Firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

8

Capitalized terms used herein without definition have the meanings given to them in the Class Action Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the District of New Jersey for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the settlement, Settlement Agreement, Judgment, or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the settlement or Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel and the Firm shall, within ten (10) days repay to VW, based upon written instructions provided by VW's Counsel, the full amount of the attorneys' fees and costs paid to Class Counsel in this matter, including any accrued interest.

In the event the attorneys' fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal or otherwise, Class Counsel and the Firm shall, within ten (10) days repay to VW, based upon written instructions provided by VW's Counsel, the attorneys' fees and costs paid to Class Counsel and/or the Class Representatives in this matter in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall terminate upon the Effective Date of the Settlement, defined as the latest of the following dates:  (1) five business days after the time for appeal from the Final Order and Judgment approving the Settlement, or award of attorneys' fees, costs/expenses or service awards/payments, has elapsed without any such appeals being filed; or (2) the first business day after the date on which all appeals from the Final Order and Judgment approving the Settlement or award of attorneys' fees, costs/expenses or service

9

awards/payments (including appeals from any appellate court decisions affirming said Final Order and Judgment, or award of attorneys' fees, costs/expenses or service awards/payments) have been fully exhausted, and no further appeal may be taken. If any appeal of the Final Order and Judgment, or any order awarding attorneys' fees, costs/expenses or service awards/payments is filed, the Undertaking shall not terminate unless and until a final, non-appealable order affirming the Final Order and Judgment or any order awarding attorneys' fees, costs/expenses and service awards/payments is entered.

In the event Class Counsel and the Firm fail to repay to VW any attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court may, upon application of VW, and notice to Class Counsel and the Firm, summarily issue orders, including but not limited to judgments, attachment orders against Class Counsel and the Firm, and findings for sanctions and/or contempt of court.

The undersigned attorney stipulates, warrants, and represents that he has both actual and apparent authority to enter into this Stipulation, agreement, and Undertaking, individually and on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED:

DATED: January 14, 2021          BURSOR & FISHER, P.A.

10

By: Scott A. Bursor, individually and
on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiffs

DATED: January 28, 2021         HERZFELD & RUBIN, P.C.

By: Michael B. Gallub
Attorneys for Defendants

11