# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODI CRANDELL, JUAN ONTIVEROS, and JIM KETTLEKAMP on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. and VOLKSWAGEN AKTIENGESELLSCHAFT,<br><br>Defendants. | Civil Action No. 2:18-cv-13377-CCC-MF<br><br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the Settlement of this Action pursuant to the settlement agreement fully executed on or about May 24, 2021 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

NOW, THEREFORE, IT IS ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable and adequate under Rule 23, subject to further consideration at the Final Approval Hearing described below.

1

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class:

> All persons and entities who purchased or leased in the United States or Puerto Rico any model year 2015, 2016 or 2017 Volkswagen Touareg vehicle that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico (hereinafter "Settlement Class").

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

4. The Court preliminarily appoints Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

5. The Court preliminarily appoints Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield and Jose Suarez as Settlement Class Representatives.

6. The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the

claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

7.      In addition, the Court finds that preliminary certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation. It appears that sufficient investigation, research, and discovery have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of Settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action.

8.      The Court also preliminarily finds that the Settlement Agreement has been reached as a result of intensive, arm's-length negotiations of disputed claims, including through the use and assistance of an experienced third-party neutral mediator, and that the proposed Settlement is not the result of any collusion.

9.      The Court approves the form and content of the Settlement Class Notice (Exhibit C to the Settlement Agreement) and Claim Form (Exhibit A to the Settlement Agreement). The Court further finds that the mailing of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23, due process, and constitutes the best notice practicable under the circumstances.  The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement, Class Counsel's application for Fees and Expenses and service awards for the named Plaintiff-Settlement Class representatives, the time, place and right to appear at the Final Fairness hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights.  The Court authorizes the Parties to make non-material modifications to the

Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

10. The Court preliminarily appoints Angeion Group as the Settlement Claim Administrator ("Claim Administrator"). The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the Settlement website, disseminating the Class Notice to the Settlement Class, the processing, review and determination of timely submitted and proper Claims for Reimbursement under the Settlement, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the settlement Agreement.

11. The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to Polk/IHS Markit, or any other company so retained by the parties and/or the Claim Administrator, to release the names and addresses of Settlement Class Members in the Action associated with the titles of the Vehicle Identification Numbers at issue in the Action for the purposes of disseminating the Settlement Class Notice to the Settlement Class Members. Polk/IHS Markit is ordered to license, pursuant to agreement between Defendant(s) and Polk/IHS Markit and/or the Claim Administrator and Polk/IHS Markit, the Settlement Class Members' contact information to Defendant(s) solely for the use of providing Settlement Class Notice in the Action and for no other purpose.

12. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by first-class mail postmarked no later than thirty (30) days after the date the Class Notice is mailed ("Notice Date"), a written request for exclusion ("Request for Exclusion") to (a) the Claim Administrator at the address specified in the Class Notice; (b) Frederick J. Klorczyk III, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 on behalf of Class Counsel; and (c) Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 on behalf of Defendants. To be effective, the Request for Exclusion must:

  a. Include the Settlement Class Member's full name, address and telephone number, and identify the model, model year and VIN of the Settlement Class Vehicle;

  b. State that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

  c. Specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

13. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders and judgments in the Action concerning the Settlement, including but not limited to the Release of claims set forth in the Settlement Agreement.

14. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement, the requested amount of Class Counsel Fees and Expenses and/or Settlement Class representative service awards.

  a. To object, a Settlement Class Member must: (i) file the objection, together with any supporting briefs and/or documents, with the Court in person or via the Court's electronic filing system within thirty (30) days of the Notice Date; and (ii) send via first-class mail, postmarked within thirty (30) days of the Notice Date, copies of any objection and supporting briefs and/or documents to: Frederick J. Klorczyk III, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 on behalf of Class Counsel; Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 on behalf of Defendants; and the Claim Administrator, Angeion Group, P.O. Box 58220, Philadelphia, PA 19102.

  b. Any objecting Settlement Class Member must include the following with his/her/their/its objection: (i) the objector's full name, address, and telephone number; (ii) the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased

5

      the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (v) the name, address and telephone number of any counsel representing said objector; and (vi) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

c. Subject to the approval of the Court, any Settlement Class Member who has properly filed a timely objection may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class representative service awards.  In order to appear, the objecting Settlement Class Member must, by the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of all witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in the Settlement Agreement and

       Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

    d. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

15. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

    b. All of the Parties' respective pre-Settlement claims, defenses and procedural rights, including but not limited to Defendants' pending Motion to Dismiss, will be preserved, and the parties will be restored to their positions *status quo ante*;

    c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants, Released Parties or Plaintiffs on any allegation, claim, defense, or point of fact or law in connection with this Action;

    d. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and

    e. The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

16.     Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute or participate in, against any of the Released Parties (as that term is defined in the Settlement Agreement), any action or proceeding in any court or tribunal (judicial, administrative or otherwise) asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement.  Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17.     Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

18.     Based on the foregoing, the Court sets the following schedule, below, for the Final Fairness Hearing and the actions which must precede it.  If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day.  These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class.  Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant to Settlement Agreement | Date Ordered by Court |
| --- | --- | --- |
| Notice shall be provided in accordance with the Notice Plan and this Order | Within 100 days of Preliminary Approval Order | September 7, 2021 |
| Class Counsel's Fee and Expense Application and request for service awards for Plaintiffs-Settlement Class Representatives | Within 114 days of Preliminary Approval Order | September 21, 2021 |

| | | |
|---|---|---|
| Objections to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for service awards | Within 130 days of Preliminary Approval Order (30 days after the Notice Date) | October 7, 2021 |
| Requests for Exclusion from the Settlement | Within 130 days of Preliminary Approval Order (30 days after the Notice Date) | October 7, 2021 |
| Plaintiffs' Motion for Final Approval of the Settlement | Within 150 days of Preliminary Approval Order | October 27, 2021 |
| Claim Administrator shall submit a declaration to the Court, Class Counsel and Defense Counsel (i) reporting the names and addresses of all persons and entities that submitted timely and proper Requests for Exclusion; and (ii) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement and this Preliminary Approval Order. | Within 150 days of Preliminary Approval Order | October 27, 2021 |
| Responses of Any Party to timely filed Objections to the Settlement and/or Fee and Expense Application, and any Requests for Exclusion | Within 165 days of Preliminary Approval Order | November 11, 2021 |
| Any submissions by Defendants concerning Final Approval of Settlement | Within 165 days of Preliminary Approval Order | November 11, 2021 |
| Final Fairness Hearing will be held at Martin Luther King Building & U.S. Courthouse, Courtroom PO 09, 50 Walnut St., Newark, NJ 07102 or by video conference as determined by the Court | Within 180 days of Preliminary Approval Order (30 days after filing of Motion for Final Approval of Settlement) | Date:<br>November 26, 2021<br>Time:<br>10:00 a.m. |

SO ORDERED:

Date:
June 8, 2021

Honorable Mark Falk
United States Magistrate Judge