UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODI CRANDELL, JUAN ONTIVEROS, JIM KETTELKAMP, ABRAHAM LITCHFIELD, and JOSE SUAREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. and VOLKSWAGEN AKTIENGESELLSCHAFT,<br><br>Defendants. | Civil Action No. 2:18-cv-13377-JSA<br><br>**FINAL ORDER AND JUDGMENT CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT** |

**THIS MATTER** having come before the Court for consideration of the motion for final approval of the parties' class action Settlement (ECF No. 61) and the motion for an award of attorneys' fees and expenses, and approval of class representative service awards to the named Plaintiffs (ECF No. 58), in accordance with the parties' Settlement Agreement;

WHEREAS, Plaintiffs Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield and Jose Suarez (the "Named Plaintiffs"), and Defendants Volkswagen Group of America, Inc. ("VWGoA") and Volkswagen Aktiengesellschaft ("VWAG"), reached a class settlement of this action after

1

substantial arm's length negotiations (the "Settlement") and executed a Settlement Agreement on May 24, 2021 ("Agreement" or "Settlement Agreement");

WHEREAS, on May 27, 2021, Plaintiffs submitted the Settlement Agreement together with a Motion for Preliminary Approval of the proposed Settlement to the Court [ECF 52];

WHEREAS, on June 8, 2021 the Court issued an Order Granting Preliminary Approval of Class Action Settlement granting preliminary approval of the Settlement Agreement and all of its terms (the "Preliminary Approval Order") [ECF 53], and for settlement purposes only, (a) preliminarily certifying the proposed Settlement Class as set forth in the Settlement Agreement, (b) preliminary appointing Settlement Class Counsel, the Named Plaintiffs as Settlement Class Representatives, and Angeion Group as the Settlement Claims Administrator, (c) approving the parties' proposed Class Notice and plan for disseminating the Class Notice (the "Class Notice Plan") as set forth in the Settlement Agreement, (d) directing the parties to implement the Class Notice Plan accordingly, (e) directing the time and manner for any Settlement Class Member to object to, or request exclusion from, the proposed Settlement, (f) scheduling the filing of various submissions in connection with the Settlement approval process, and (g) scheduling the Final Fairness Hearing;

Case 2:18-cv-13737-JSA Document 64 Filed 12/09/21 Page 2 of 13 PageID: 6780

WHEREAS, the Court issued an Order on October 25, 2021 rescheduling the Final Fairness Hearing from November 26, 2021 to December 10, 2021 [ECF 60], and the Settlement Claim Administrator updated the Settlement website accordingly to so advise the Settlement Class Members of said change as directed by the Court;

WHEREAS, the Settlement Claims Administrator, Angeion Group, timely and sufficiently effectuated the approved Class Notice Plan in accordance with the Settlement Agreement and Preliminary Approval Order [Declaration of Lacey Racines, Project Manager of Angeion Group, dated October 26, 2021_[ECF 61-3];

WHEREAS, no Settlement Class Member has filed an objection to the Settlement;

WHEREAS, only three Settlement Class Members filed Requests for Exclusion from the Settlement;

WHEREAS, the Plaintiffs filed their unopposed Motion for Final Approval of the Class Action Settlement on October 27, 2021 [ECF 61], and their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Approval of Class Representative Service Awards on September 21, 2021 [ECF 58];

WHEREAS, Defendants filed their Memorandum of Law in Support of Final Approval of the Class Settlement on November 11, 2021 [ECF 62];

WHEREAS, the Court conducted a Final Fairness Hearing on December 10, 2021, the Parties, having appeared by counsel in support of final approval of the proposed Settlement, and the Court, having heard the arguments of counsel and having carefully reviewed and considered the Settlement Agreement, all motions and submissions filed in connection with the proposed Settlement and the approval process, the implementation of the Class Notice Plan, the full record in this Action, and having carefully considered and applied the applicable law and criteria for reviewing and approving class action settlements pursuant to Fed. R. Civ. P. 23 ("Rule 23") and the factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975):

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

2. The Settlement Agreement is fair, reasonable, and adequate and complies in all respects with Rule 23 and the applicable law. Accordingly, the Court hereby grants final approval of the Settlement and all of its terms and conditions.

3. The Settlement Agreement, including its exhibits, and the definitions contained therein, are incorporated and made a part herein by reference in this Final Approval Order and Judgment.

4. The Court hereby certifies the following Settlement Class:

> All persons and entities who purchased or leased in the United States or Puerto Rico any model year 2015, 2016 or 2017 Volkswagen Touareg vehicle that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.

5. Excluded from the Settlement Class are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents, and representatives of Defendants, and their family members; (c) any affiliate, parent, or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member

5

that filed a timely and proper Request for Exclusion from the Settlement Class as delineated in Exhibit A hereto.

6. The Court finds, for settlement purposes, that the requirements of Rules 23(a) and (b)(3) have been satisfied, warranting final approval of this Settlement and certification of the Settlement Class, because, *inter alia*, the Settlement Class members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Named Plaintiffs are typical of those of the Settlement Class Members they represent; the Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class and their interests are not antagonistic to those of the Settlement Class; common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and a class action is superior to individual litigation in this matter.

7. The Court also finds that the Settlement Agreement is the product of vigorous arm's-length negotiations of disputed claims among experienced class action counsel, and is not the product of collusion. Furthermore, the Settlement was negotiated with the assistance of an experienced neutral mediator. In entering into the Settlement, counsel for both sides adequately assessed this case's strengths, weaknesses and the risks of further litigation, and structured the Settlement in a way

that properly accounts for those strengths, weaknesses and risks, and is fair, reasonable and adequate in compliance with Rule 23 and applicable law.

8. At all times, the Named Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

9. Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order [ECF 53]. The Class Notice Plan and its implementation satisfied Rule 23, the requirements of due process, and constituted the best notice practicable under the circumstances.

10. The Notice of this proposed Settlement provided by the Claim Administrator to the U.S. and States' Attorneys General, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was timely, proper and fully satisfied the requirements of that statute. The Court also notes that no Attorney General has objected to any aspect of the proposed Settlement.

11. Of the 26,350 Settlement Class Members in this Action, there were no objections to any aspect of the Settlement filed with the Court. In addition, only three Settlement Class Members submitted requests for exclusion from the Settlement. The Court finds that the absence of objections and the very small number of requests for exclusion demonstrates an extremely favorable reaction of the Settlement Class to the Settlement, which further supports the findings herein

and that the Settlement is fair, reasonable and adequate and complies with Rule 23 and the applicable law.

12. The terms of the Settlement Agreement, including the Released Claims against all Released Parties, and of this the Final Approval Order and Judgment, are binding in all respects on the Named Plaintiffs and all Settlement Class Members, as well as their heirs, executors, administrators, successors and assigns, with the exception of the three (3) Settlement Class Members, identified in Exhibit A hereto, whom the Court finds as having timely and properly filed requests for exclusion from the Settlement.

13. The Court, having granted final approval of this Settlement, hereby directs its implementation pursuant to the terms and conditions of the Settlement Agreement.

14. The Court hereby finally approves and appoints, the following Named Plaintiffs as Settlement Class Representatives: Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield and Jose Suarez. The Court finds that these Settlement Class Representatives have, and will continue to, fairly and adequately protect and represent the interests of the Settlement Class.

15. The Court hereby finally approves and appoints Bursor & Fisher, P.A. as Settlement Class Counsel, and finds that they are experienced class action counsel

who have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

16. The Court hereby finally approves and appoints Angeion Group as the Settlement Claims Administrator.

17. The Court hereby grants Settlement Class Counsel's request for an award of reasonable attorneys' fees, inclusive of all expenses, in the total combined amount of Seven Hundred Seventy-Five Thousand Dollars ($775,000.00). Said award shall be paid by Defendants in the manner provided by the terms of the Settlement Agreement, and shall fully, completely and forever satisfy any and all obligations of Defendants, and any Released Party, with respect to any and all counsel fees and expenses in connection with this Action and the Settlement.

18. The Court also hereby approves the payment of class representative service awards to the Settlement Class Representatives as follows: Five Thousand Dollars ($5,000.00) each to Plaintiffs Jodi Crandell, Juan Ontiveros, Jim Kettelkamp, Abraham Litchfield and Jose Suarez. Said service awards are to be paid by Defendants in the manner provided by the terms of the Settlement Agreement, and said payments shall duly, completely and forever satisfy any and all obligations of Defendants, and any released Party, with respect to Settlement Class Representative service awards.

19. Plaintiffs, and each and every Settlement Class Member (other than the three (3) Settlement Class Members specifically listed in Exhibit A to this Final Approval Order and Judgment), hereby fully, finally release and forever release, discharge and acquit all Released Parties from all Released Claims, as set forth in the Settlement Agreement.

20. This Action, and all claims against Defendants, are hereby dismissed with prejudice, without fees or costs to any party, except as expressly provided for in the Settlement Agreement and this Final Approval Order and Judgment.

21. Plaintiffs and each and every Settlement Class Member (other than those specifically listed in Exhibit A), and any person actually or purportedly acting on behalf of any said Settlement Class Member(s), is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, collective or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum) against any of the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  However, Settlement Class Members are not precluded from

communicating with, or complying with requests or inquiries from, any governmental entity or authority relating to any issues raised in this Action or Settlement.

22. Nothing in this Final Approval Order and Judgment, the Settlement, the Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, is or shall be deemed, construed to be, or in any way used as, an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability, or of any wrongdoing whatsoever, by or on the part of Defendants or any Release Party, or of the truth of any of the claims and allegations asserted by Plaintiffs in this Action, all of which are hereby denied.

23. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

24. Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement

Agreement and this Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

26. Finding that there is no just reason for delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

IT IS SO ORDERED.

Dated: December 10, 2021

s/Jessica S. Allen
Hon. Jessica S. Allen
United States Magistrate Judge

**Crandell v. Volkswagen Group of America, Inc., et al.**
**Civil Action No. 2:18-cv-13377-JSA**
**Requests for Exclusion**

|   | Opt Out Name | VIN |
|---|---|---|
| 1 | Clark, Carl | WVGRF7BP1HD002509 |
| 2 | Bond, Nicholas | WVGEP9BP9FD005680 |
| 3 | Ruiz, Marcos | WVGRF7BP4HD001337 |